JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (CSBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7264
Facsimile:   (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants
Dr. Brian Cason and Irving Spivey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. BRIAN CASON, IRVING SPIVEY, and DOES 1 TO 10,<br><br>　　　　　Defendants. | Case No. CV 08 2472<br><br>**NOTICE OF REMOVAL** |

TO:   Clerk, Superior Court of California
      County of San Francisco
      400 McAllister Street
      San Francisco, California 94102

      John E. Stringer, Esq.
      259 Oak Street
      San Francisco, California 94102

PLEASE TAKE NOTICE that on this day Case No. CGC-08-471618 pending in the San Francisco Superior Court is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(f), and 2679(d)(2) on behalf of federal defendants Dr. Brian Cason and Irving Spivey. Upon direction by the Attorney General of the United States, the undersigned attorneys hereby present the following facts to the Judges of the United States District Court for the Northern District of California.

NOTICE OF REMOVAL
*Chrisanthis v. Cason et al.*　　　　　　　　　-1-

1. On January 30, 2008 plaintiff Anthony Chrisanthis filed a complaint against Dr. Brian Cason, Irving Spivey, and Does 1 to 10 in San Francisco Superior Court. This lawsuit arose out of Plaintiff's employment at the Department of Veterans Affairs. Defendants were Plaintiff's former supervisors. The causes of action are breach of contract, intentional infliction of emotional distress, fraud, violation of the California Fair Housing and Employment Act, and wrongful discharge. Plaintiff claims that Defendants refuse to rehire him according to the terms of his disability agreement with Defendants. As a consequence, plaintiff claims that he suffered lost income, loss of career, lost benefits, and loss of earning power.

2. On April 14, 2008, the United States Attorney's Office learned about the lawsuit. The Summons and Complaint has not yet been served on the United States Attorney's Office as required by Rule 4(i)(1)(A)(i)(ii), Fed. R. Civ. Proc. Copies of the Summons and Complaint are attached as Exhibit A pursuant to 28 U.S.C. § 1446(a), which constitute the only process, pleading, or order which have been received. No trial has been had in this action.

3. This action must be removed to federal district court pursuant to 28 U.S.C. § 2679(d)(2) because it is an action against Dr. Brian Cason and Irving Spivey who were acting within the course and scope of their employment with the Department of Veterans Affairs.

4. Upon certification by the Attorney General, the action shall be removed to the District Court at any time prior to trial. The United States Attorney is delegated under 28 C.F.R. § 15.3 to make the certification provided for in 28 U.S.C. § 2679(d)(2).

5. The Chief of the Civil Division has been authorized to exercise on behalf of the United States Attorney the authority vested in him by the Attorney General, pursuant to 28 C.F.R. § 15.3. The Chief of the Civil Division has certified that Dr. Brian Cason and Irving Spivey were acting within the course and scope of their employment. See Certification Pursuant to 28 U.S.C. § 2679(d). This certification is conclusive for purposes of removal. 28 U.S.C. § 2679(d)(2).

6. Upon removal the United States is automatically substituted for Dr. Brian Cason and Irving Spivey, and this action will proceed as an action against the United States of America pursuant to 28 U.S.C. § 1346(b) subject to the limitations and exceptions applicable to those actions. 28 U.S.C. § 2679(d)(4).

1  7. A copy of this Notice is being filed with the Clerk of the San Francisco Superior Court.
2  That filing will automatically effect the removal of the action in its entirety to this Court for all future
3  proceedings.

        Respectfully submitted,

        JOSEPH P. RUSSONIELLO
        United States Attorney

Dated: May 14, 2008    By:  /s/
        ABRAHAM A. SIMMONS
        Assistant United States Attorney

NOTICE OF REMOVAL
*Chrisanthis v. Cason et al.*    -3-

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DR. BRIAN CASON, IRVING SPIVEY,
DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY CHRISANTHIS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO SUPERIOR COURT, 400 MCALLISTER STREET,
SAN FRANCISCO, CA 94102

CASE NUMBER: CGC-08-471618

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN E. STRINGER, ESQ., 259 OAK STREET, SAN FRANCISCO, CA 94102 (415)934-1827

DATE: JAN 3 0 2008    Gordon Park-Li    Clerk, by    P. NATT    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on *(date):*


EXHIBIT A

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

BY FAX

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State bar number, and address):<br>JOHN E. STRINGER sbn 194556<br>259 OAK STREET<br>SAN FRANCISCO, CA 94102<br>TELEPHONE NO.: (415)934-1827   FAX NO.: (415)934-0899<br>ATTORNEY FOR (Name): Anthony Chrisanthis | | **FOR COURT USE ONLY**<br><br>**FILED**<br>San Francisco County Superior Court<br><br>JAN 3 0 2008<br><br>GORDON PARK-LI, Clerk<br>BY: Param Natt<br>       Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 MCALLISTER STREET<br>MAILING ADDRESS: SAN FRANCISCO, CA 94102<br>CITY AND ZIP CODE:<br>BRANCH NAME: | | |
| CASE NAME: CHRISANTHIS v. CASON, SPIVEY, et al. | | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-08-471618<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☑ Other PI/PD/WD (23)
   
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10-15-07
JOHN E. STRINGER, ESQ.
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>JOHN E. STRINGER sbn 194556<br>259 OAK STREET<br>SAN FRANCISCO, CA 94102<br>TELEPHONE NO: (415)934-1827   FAX NO. (Optional): (415)934-0899<br>E-MAIL ADDRESS (Optional): nolojes@aol.com<br>ATTORNEY FOR (Name): Anthony Chrisanthis | FOR COURT USE ONLY<br>SUMMONS ISSUED<br>**FILED**<br>San Francisco County Superior Court<br>JAN 30 2008<br>GORDON PARK-LI, Clerk<br>BY: _J. Natt_<br>        Deputy Clerk<br>P. NATT |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 MCALLISTER STREET<br>MAILING ADDRESS: SAN FRANCISCO, CA 94102<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF: ANTHONY CHRISANTHIS<br>DEFENDANT: DR. BRIAN CASON, IRVING SPIVEY<br>[✓] DOES 1 TO 10 | CASE MANAGEMENT CONFERENCE SET<br>JUL - 3 2008 -9:00 AM |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE  [✓] OTHER (specify): Emotional Distress<br>[ ] Property Damage  [ ] Wrongful Death<br>[ ] Personal Injury   [✓] Other Damages (specify): To Proof | DEPARTMENT 212 |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded [ ] does not exceed $10,000<br>    [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br>CGC-08-471618 |

1. Plaintiff (name or names): ANTHONY CHRISANTHIS
   alleges causes of action against defendant (name or names):
   DR. BRIAN CASON, IRVING SPIVEY
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.AmeriForms.com

PLD-PI-001

| SHORT TITLE: CHRISANTHIS v. CASON, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants (specify Doe numbers): _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify):
      Injury to Plaintiff Involved State Action, According to Proof

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]      COMPLAINT—Personal Injury, Property Damage, Wrongful Death      Page 2 of 3

| | PLD-PI-001 |
|---|---|
| SHORT TITLE:<br>CHRISANTHIS v. CASON, et al. | CASE NUMBER: |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☑ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☑ Other *(specify)*:
       Violation of Fair Housing and Employment Act

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☑ other damage *(specify)*:
       Loss of Career, Emotional Distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☑ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
    All Paragraphs, All Causes of Action.

Date: 10-15-07

JOHN E. STRINGER, ESQ.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]      COMPLAINT—Personal Injury, Property            Page 3 of 3
                                        Damage, Wrongful Death

PLD-C-001(1)

| SHORT TITLE: Chrisanthis v. Cason, Spivey | CASE NUMBER: |
|---|---|

First _____ CAUSE OF ACTION—Breach of Contract
    (number)

ATTACHMENT TO  ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Anthony Chrisanthis

   alleges that on or about *(date):* 3/04
   a ☒ written   ☐ oral   ☐ other *(specify):*
   agreement was made between *(name parties to agreement):*
   Anthony Chrisanthis, Department of Veterans Affairs
   ☐ A copy of the agreement is attached as Exhibit A, or
   ☐ The essential terms of the agreement   ☐ are stated in Attachment BC-1   ☒ are as follows *(specify):*
   Plaintiff was employed at the Department of Veterans Affairs and entered into an agreement
   with Defendants to take paid disability leave. One of the terms of the agreement was that
   Plaintiff could reapply for his position. Defendants have refused to honor this agreement and
   rehire Plaintiff who currently suffers from extreme emotional distress.

BC-2. On or about *(dates):* 7/07
   defendant breached the agreement by   ☐ the acts specified in Attachment BC-2   ☒ the following acts *(specify):*
   Defendants refused to rehire Plaintiff per terms of Plaintiff's disability agreement.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
   excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   ☐ as stated in Attachment BC-4   ☒ as follows *(specify):*
   Lost wages, loss of career, loss of earning power in excess of $100,000.00.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
        ☐ of $
        ☒ according to proof.
BC-6. ☒ Other:
   According to Proof.

Page   4

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.AccessLaw.com

PAGE  09/12                    JESTRINGER              7078293352

PLD-C-001(3)

| SHORT TITLE: Chrisanthis v. Cason, Spivey | CASE NUMBER: |
|---|---|

Second _____ **CAUSE OF ACTION—Fraud**
    (number)

ATTACHMENT TO [✓] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: Anthony Chrisanthis

   alleges that defendant *(name)*: Dr. Brian Cason, Irving Spivey

   on or about *(date)*: 3/04 and continuing    defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
   a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [✓] as follows:
   Plaintiff's first cause of action is incorporated by reference as if fully set forth herein. Defendants informed Plaintiff that Plaintiff would be rehired after his disability subsided. Defendants never intended to rehire Plaintiff and conspired to keep Plaintiff from securing his previous position.

   b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [✓] as follows:
   Defendants, and each of them never intended to rehire Plaintiff and in fact intended to discharge Plaintiff who remains on disability leave.

   c. When defendant made the representations,
      [✓] defendant knew they were false, or
      [ ] defendant had no reasonable ground for believing the representations were true.

   d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
   a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [✓] as follows:
   Defendants knew the facts surrounding Plaintiff's forced decision to seek disability leave were false and that Defendants sought to discharge Plaintiff and never rehire Plaintiff.

   b. Defendant concealed or suppressed material facts
      [✓] defendant was bound to disclose.
      [ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

   c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page __5__

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]    **CAUSE OF ACTION—Fraud**    Page 1 of 2
Code of Civil Procedure, § 425.12
www.JuriSearch.com

PAGE 10/12    JESTRINGER    7078293352    [fax header]

| | PLD-C-001(3) |
|---|---|
| SHORT TITLE: Chrisanthis v. Cason, Spivey | CASE NUMBER: |

Second (cont.)          CAUSE OF ACTION—Fraud
_(number)_

FR-4. [✓] **Promise Without Intent to Perform**
    a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [✓] as follows:
Defendants and each of them promised to rehire Plaintiff following Defendant's inducement to Plaintiff to seek disability leave and not continue Plaintiff's employment. Defendants did not honor their promise to rehire Plaintiff.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [✓] as follows:
Plaintiff sought and received disability leave and was deprived of his continuing career and the subsequent benefits of said career.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [✓] as follows:
Lost income, loss of career, lost benefits, loss of earning power.

FIR-7. Other:
    According to Proof.

Page 5a

PLD-PI-001(3)

| SHORT TITLE: Chrisanthis v. Cason, Spivey | CASE NUMBER |
|---|---|

__Third__ **CAUSE OF ACTION—Intentional Tort**   Page __6__
(number)

ATTACHMENT TO  ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Anthony Chrisanthis

alleges that defendant *(name)*: Dr. Brian Cason, Irving Spivey

☑ Does __1__ to __10__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 7/07 and continuing
at *(place)*: San Francisco, CA

*(description of reasons for liability)*:
Plaintiff's first and second causes of action are hereby incorporated by reference as if fully set forth herein. This is a claim for negligent infliction of emotional distress.

   1. Plaintiff was employed by the Department of Veterans Affairs. Defendants were Plaintiff's supervisors. Because Plaintiff complained of dangerous working conditions, Defendants sought to terminate Plaintiff. Plaintiff was forced to take disability leave due to emotional distress. This distress became acute on 7/07 and is of a continuing nature. Defendants have refused to rehire Plaintiff per Defendants agreement with Plaintiff.

   2. As a direct result of Defendants conduct Plaintiff has suffered injury to his pyche and person resulting in extreme emotional distress which has become acute.

   3. Defendants, and each of them, were in a position of authority over Plaintiff and owed Plaintiff a duty not to abuse this authority.

   4. Plaintiff remains on disability leave and thus the negligence is of a continuing nature.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Intentional Tort

Code of Civil Procedure, § 425.12
www.lexisnexis.com

| | PLD-PI-001(3) |
|---|---|
| SHORT TITLE:<br>Chrisanthis v. Cason, Spivey | CASE NUMBER |

__Fourth__   CAUSE OF ACTION—Intentional Tort   Page __7__
(number)

ATTACHMENT TO ☒ Complaint  ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Anthony Chrisanthis

alleges that defendant *(name)*: Dr. Brian Cason, Irving Spivey

☒ Does __1__ to __10__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 7/07 and continuing
at *(place)*: San Francisco, CA

*(description of reasons for liability)*:
Plaintiff's first, second and third causes of action are hereby incorporated by reference as if fully set forth herein. This is a claim for wrongful discharge.

1. Plaintiff was an employee of the Department of Veterans Affairs. Defendants were Plaintiffs immediate supervisors. Defendants conduct involved State action.

2. In violation of the Fair Housing and Employment Act, Defendants engaged in a continuing course of conduct that resulted in Plaintiff seeking disability leave. This conduct is of a continuing nature. Plaintiff has exhausted all administrative remedies.

3. Defendants sought Plaintiff's discharge because of Plaintiff's sexual orientation and because Plaintiff reported unsafe working conditions at his place of employment.

4. Defendant told Plaintiff that if took disability leave he could be rehired. Defendants have failed to rehire Plaintiff. Plaintiff currently suffers from acute emotional distress as a direct result of Defendants conduct.

5. Defendants continuing conduct tolls any statute of limitations defense that may be raised by Defendants.

6. Defendants fabricated a story concerning alleged negligence by Plaintiff that led to Plaintiffs real and constructive discharge. Plaintiff has lost his career as a direct result of Defendants conduct.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
CAUSE OF ACTION—Intentional Tort
Code of Civil Procedure, § 425.12
www.lexisSearch.com

| SHORT TITLE: Chrisanthis v. Cason, Spivey | CASE NUMBER |
|---|---|

PLD-PI-001(6)

## Exemplary Damages Attachment

Page 8

ATTACHMENT TO  [✓] Complaint   [ ] Cross-Complaint

EX-1. As additional damages against defendant (name):

Dr. Brian Cason, Irving Spivey

Plaintiff alleges defendant was guilty of
- [ ] malice
- [ ] fraud
- [✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

1. Plaintiff was an employee of the Department of Veterans Affairs.

2. Defendants sought Plaintiff's discharge based on Plaintiffs sexual orientation and Plaintiffs complaint about unsafe working conditions.

3. Defendants were Plaintiffs immediate supervisors.

4. Defendants fabricated a story concerning alleged negligence by Plaintiff.

5. Plaintiff was forced to take disability leave.

6. Plaintiff was informed Plaintiff would be rehired. Defendants have failed to honor this agreement and in fact never intended to rehire Plaintiff.

7. Defendants course of conduct was so oppressive and outrageous that Plaintiff continues to suffer from acute emotional distress.

8. Plaintiff has suffered significant damages as result of Defendants calculated course of conduct and punitive damages should be awarded.

EX-3. The amount of exemplary damages sought is
a. [✓] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.AmSearch.com