1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   ABRAHAM A. SIMMONS (SBN 146400)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, 9th Floor
5       San Francisco, California 94102-3495
        Telephone:    (415) 436-7264
6       Facsimile:    (415) 436-6748
        Email:        abraham.simmons@usdoj.gov
7
    Attorneys for Federal Defendants
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12  ANTHONY CHRISANTHIS,            )    No. C 08-2472 SBA
                                    )    No. C 07-0566 WHA
13                Plaintiff,        )
                                    )
13        v.                        )    **ADMINISTRATIVE MOTION TO**
                                    )    **CONSIDER WHETHER CASES**
14                                  )    **SHOULD BE RELATED;**
    DR. BRIAN CASON, IRVING SPIVEY, )    **DECLARATION OF**
15  and DOES 1 TO 10,              )    **ABRAHAM A. SIMMONS**
                                    )
16                Defendants.       )
                                    )    Before:      Hon. William H. Alsup
17  _____ )

18                      I.  **INTRODUCTION**

19        Pursuant to Civil Local Rule 3-12(b), Defendant hereby submits the following

20  Administrative Motion to Consider Whether the above-captioned case should be related to

21  Anthony Chrisanthis v. R. James Nicholson, et al., Civil No. 07-0566 WHA.

22        This administrative motion brought on the ground that both actions concern substantially

23  the same parties and transaction and on the further ground that there would be an unduly

24  burdensome duplication of labor and expense if the cases are conducted before different judges.

25  This motion is based upon all the papers and records filed in this matter (including the

26  declaration of Abraham A. Simmons filed herewith) as well as all the papers and motions filed in

27  Anthony Chrisanthis v. R. James Nicholson, et al., Civil No. 07-0566 WHA.

28

## II. FACTS

Plaintiff Anthony Chrisanthis was employed as a respiratory therapist at the Veterans Administration at Fort Miley in San Francisco.  Declaration of Abraham A. Simmons ("Simmons Decl.") Exh. 2 (First Amended Complaint in <u>Anthony Chrisanthis v. R. James Nicholson, et al.</u>, Civil No. 07-0566 WHA ("FAC").  On January 26, 2007, Plaintiff filed a lawsuit in the Northern District of California; the matter was given Case No.: 07-cv-00566 and was assigned to the Honorable William H. Alsup.  Simmons Decl., Exh. 1 (Docket Sheet from <u>Anthony Chrisanthis v. R. James Nicholson, et al.</u>, Civil No. 07-0566 WHA).  Plaintiff named as defendants three individuals: Secretary of the Department of Veterans Affairs, Dr. Brian Cason (erroneously named Dr. Brian Casey in the complaint), and Irving Spivey.  FAC at 1.  In his First Amended Complaint, Plaintiff alleged that after he made a complaint to the Occupational Safety and Health Administration in 2002, defendants singled him out for reprimand, permitted his medical and personnel records to be accessed in violation of the Health and Insurance Portability and Accountability Act, discriminated against him on the basis of his sexual orientation and refused to authorize his receipt of equipment necessary for his safety.  FAC at 2-3.  Plaintiff further alleged that the defendants made conditions so unbearable that he resigned in 2002. FAC at 2-3.

On August 30, 2007, the defendants moved the court for an order dismissing plaintiff's FAC on the ground that Plaintiff had failed to state a claim upon which relief can be granted. *See* Simmons Decl., Exh. 1 [Docket Entry No. 24].  Defendants further moved the court, in the alternative, for an order granting defendants summary judgment on all claims.

On September 25, 2007, Judge Alsup granted the defendants' motion to dismiss all claims.  The court concluded as follows:

> (1) plaintiff's claim of wrongful discharge is dismissed because the federal employment relationship is governed by federal law, not state law regarding "wrongful discharge"' (2) plaintiff's claim of sexual discrimination under Title VII is dismissed because sexual orientation is not a protected category; (3) plaintiff's claim of deprivation of constitution al rights under 42 U.S.C. 1983 is dismissed because the defendants are all federal actors rather than state actors; (4) plaintiff's Bivens claim is dismissed because the relevant statute of limitations had expired before commencement of suit; (5) plaintiff's claim of retaliation for whistleblowing under the Civil Service Reform Act is dismissed because he failed to pursue the necessary administrative remedies; (6) tort claims are dismissed

because he failed to name the United States as a defendant and the CSRA precludes Federal Tort Claims Act actions; and (7) plaintiff's claim under HIPAA is dismissed because there were insufficient facts alleged under a cognizable legal theory and HIPAA does not provide a private cause of action.

*See* Simmons Decl., Exh. 3 (Order Granting Defendants' Motion To Dismiss Without Leave To Amend And Vacating Hearing).  Judgment was entered the same day and Plaintiff did not appeal. *See* Simmons Decl, Exh. 1.

On January 8, 2008, Plaintiff filed the instant complaint, this time in San Francisco Superior Court.  The complaint again names as defendants Irving Spivey and Dr. Brian Cason. The complaint seeks damages for negligent infliction of emotional distress, breach of contract and fraud.  Plaintiff sees compensatory damages and punitive damages for loss of wages, hospital and medical expenses, loss of earning capacity, loss of career, emotional distress and other general damages.

In the current lawsuit, plaintiff claims he was induced by the defendants to leave his employment.  Specifically, plaintiff claims that as a result of defendants' conduct, Plaintiff was forced to take medical disability leave from his employment. Complaint at 6, ¶ 1.  Plaintiff further alleges that the terms of the medical disability leave included "that Plaintifff could reapply for his position," Page 4, ¶ BC-1, that defendants "informed Plaintiff that Plaintiff would be rehired after his diability subsided" page 5, ¶ FR-2 and that the promise to rehire Plaintiff was an "inducement to plaintiff to seek disability leave and not continue Plaintiff's employment." Page 5a, ¶ FR-4(a).  Plaintiff alleges defendants have refused to honor this agreement to rehire him which has caused additional "extreme emotional distress." *See* Complaint at

### III.  <u>ANALYSIS</u>

Civil Local Rule 3-12(a) defines related cases as those where: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil Local Rule 3-12(a); *Financial Fusion, Inc. v. Ablaise Ltd.,* 2006 WL 3734292, 3 (N.D.Cal., 2006).

1    Under the guidelines provided by the civil local rules, this case is related to <u>Anthony</u>

2  <u>Chrisanthis v. R. James Nicholson, et al.</u>, Civil No. 07-0566 WHA.  The parties are the same

3  except that on this occasion, plaintiff did not include as a defendant the Secretary of Veterans

4  Affairs as a defendant.  Also, both cases concern the same transactions and events, to wit: the

5  circumstances underlying the end of Plaintiff's employment with the Veterans Administration.

6    Also, relating the cases is likely to reduce the burdensomeness of this case and prevent

7  the duplication of labor and expense associated with handling this related matter.  Specifically,

8  the familiarity of the Court with the previous case should reduce significantly the amount of time

9  necessary to identify any claims in the current complaint that are precluded by federal law.  Also,

10  familiarity with the previous case will reduce the time necessary to decide whether any of the

11  current claims are barred by the doctrine of res judicata.

12                              **IV.  <u>CONCLUSION</u>**

13    This case should be ordered related to <u>Anthony Chrisanthis v. R. James Nicholson, et al.</u>,

14  Civil No. 07-0566 WHA.

15                                          Respectfully submitted,

16                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
17

18

19  Dated: June 3, 2008                     _____/s/_____
                                            ABRAHAM A. SIMMONS
20                                          Assistant United States Attorney

21

22

23

24

25

26

27

28

1

## DECLARATION OF ABRAHAM A. SIMMONS

2  I, Abraham A. Simmons, declare as follows:

3  1.    I am an Assistant United States Attorney in the Northern District of California and I have

4  been assigned to represent the government in the above-captioned matter.  If called to

5  testify I would and could competently testify as to the facts in this declaration.

6  2.    Attached hereto as Exhibit 1 is a true and correct copy of the docket sheet I downloaded

7  from Pacer in the case of Anthony Chrisanthis v. R. James Nicholson, et al., Civil No. 07-

8  0566 WHA.  Attached as Exhibit 2 is a true and correct copy of the complaint I

9  downloaded from Pacer in the case of Anthony Chrisanthis v. R. James Nicholson, et al.,

10  Civil No. 07-0566 WHA.  Attached as Exhibit 3 is a true and correct copy of the Order

11  Granting Defendants' Motion To Dismiss Without Leave To Amend And Vacating

12  Hearing I downloaded from Pacer in the case of Anthony Chrisanthis v. R. James

13  Nicholson, et al., Civil No. 07-0566 WHA.

14  3.    In accordance with this Court's Local Rules, I attempted to contact John Eric Stringer to

15  discuss the possibility of a stipulation regarding the relief requested in this motion.  Mr.

16  Stringer was not in and I left him a voice mail message informing him of defendants'

17  intent to pursue an order relating this case to Anthony Chrisanthis v. R. James Nicholson,

18  et al., Civil No. 07-0566 WHA. Mr. Stringer promptly returned the telephone call and left

19  me a message stating plaintiff's position that the cases should not be related and

20  requesting that defendants move forward with a motion so that he can file appropriate

21  papers in response.

22  I declare under penalty of perjury under the laws of the United States that the above is

23  true and accurate.  Executed this 3rd day in June, 2008, in San Francisco, California.

24

25  _____/s/_____
ABRAHAM A. SIMMONS

26

27

28

Administrative Motion To Relate Cases
C 07-566 WHA
C 08-2472 SBA                              5

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07–cv–00566–WHA

| | |
|---|---|
| Chrisanthis v. Nicholson et al | Date Filed: 01/26/2007 |
| Assigned to: Hon. William H. Alsup | Date Terminated: 09/25/2007 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Plaintiff |
| | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **Anthony Chrisanthis** | represented by | **John Eric Stringer** |
| | | 259 Oak Street |
| | | San Francisco, CA 94102 |
| | | 415–934–1827 |
| | | Fax: 415–934–0899 |
| | | Email: nolojes@aol.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **R. James Nicholson** | represented by | **Katherine Burke Dowling** |
| *Secretary of Veterans Affairs, Department of Veterans Affairs* | | United States Attorney's Office |
| | | 450 Golden Gate Avenue |
| | | Box 36055 |
| | | San Francisco, CA 94102–3495 |
| | | 415–436–6833 |
| | | Fax: 415–436–6748 |
| | | Email: Katherine.dowling@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Dr. Bryan Casey** | represented by | **Katherine Burke Dowling** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Irving Spivey** | represented by | **Katherine Burke Dowling** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2007 | 1 | COMPLAINT and DEMAND FOR JURY TRIAL against R. James Nicholson, Bryan Casey, Irving Spivey ( Filing fee $ 350, receipt number 34611002247.). Filed byAnthony Chrisanthis. (sis, COURT STAFF) (Filed on 1/26/2007) Additional attachment(s) added on 7/16/2007 (sis, COURT STAFF). (Entered: 01/29/2007) |
| 01/26/2007 | | Summons Issued as to R. James Nicholson, Bryan Casey, Irving Spivey, U.S. Attorney and U.S. Attorney General (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 01/26/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 4/19/2007. Case Management Conference set for 5/3/2007 11:00 AM. |

| | | (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
|---|---|---|
| 01/26/2007 | 3 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 2 ADR Scheduling Order (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 01/26/2007 | | CASE DESIGNATED for Electronic Filing. (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 02/23/2007 | 4 | CLERK'S NOTICE re: Failure to E–File and/or Failure to Register as an E–Filer (Doc. 1) (sis, COURT STAFF) (Filed on 2/23/2007) (Entered: 02/23/2007) |
| 03/19/2007 | 5 | CLERK'S NOTICE re: Failure to E–File and/or Failure to Register as an E–Filer (Doc. 1) SECOND NOTICE (sis, COURT STAFF) (Filed on 3/19/2007) (Entered: 03/19/2007) |
| 05/02/2007 | 6 | STIPULATION by R. James Nicholson. (Dowling, Katherine) (Filed on 5/2/2007) (Entered: 05/02/2007) |
| 05/03/2007 | 7 | Minute Entry: Initial Case Management Conference held on 5/3/2007 before William Alsup (Date Filed: 5/3/2007). Plaintiff's counsel shall appear at the next hearing and has one week to serve the defendants. Case Management Conference set for 5/10/2007 11:00 AM. (Court Reporter Sahar McVickar.) (dt, COURT STAFF) (Date Filed: 5/3/2007) (Entered: 05/03/2007) |
| 05/03/2007 | 8 | CASE MANAGEMENT SCHEDULING ORDER: Case Management Conference set for 5/10/2007 11:00 AM. By then, plaintiff must have served all defendants. Mr. Stringer will please attend this time. Signed by Judge William Alsup on 5/3/2007. (whasec, COURT STAFF) (Filed on 5/3/2007) (Entered: 05/03/2007) |
| 05/10/2007 | 9 | Minute Entry: Initial Case Management Conference held on 5/10/2007 before William Alsup (Date Filed: 5/10/2007). (Court Reporter Kathy Wyatt.) (dt, COURT STAFF) (Date Filed: 5/10/2007) (Entered: 05/11/2007) |
| 05/14/2007 | 10 | MOTION to Dismiss , or in The Alternative, For Summary Judgment filed by R. James Nicholson. Motion Hearing set for 6/28/2007 08:00 AM in Courtroom 9, 19th Floor, San Francisco. (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/14/2007 | 11 | Declaration of Joseph Hart in Support of 10 MOTION to Dismiss , or in The Alternative, For Summary Judgment filed byR. James Nicholson. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Related document(s) 10 ) (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/14/2007 | 12 | Proposed Order re 10 MOTION to Dismiss , or in The Alternative, For Summary Judgment by R. James Nicholson. (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/23/2007 | 13 | CLERK'S NOTICE re: Failure to E–File and/or Failure to Register as an E–Filer (Doc. 1) THIRD NOTICE (sis, COURT STAFF) (Filed on 5/23/2007) (Entered: 05/23/2007) |
| 06/11/2007 | 14 | ORDER RE ECF REQUIREMENTS. Signed by Judge Alsup on 6/11/2007. (whalc2, COURT STAFF) (Filed on 6/11/2007) (Entered: 06/11/2007) |
| 06/26/2007 | 15 | ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING by Judge Alsup granting 10 Motion to Dismiss. (whalc2, COURT STAFF) (Filed on 6/26/2007) (Entered: 06/26/2007) |
| 06/26/2007 | 16 | FIRST AMENDED COMPLAINT FOR DAMAGES; BIVEN'S CLAIM; CIVIL RIGHTS VIOLATION against R. James Nicholson, Bryan Casey, Irving Spivey. Filed byAnthony Chrisanthis. (aaa, Court Staff) (Filed on 6/26/2007) Additional attachment(s) added on 7/16/2007 |

| | | (sis, COURT STAFF). (Entered: 06/28/2007) |
|---|---|---|
| 06/28/2007 | 17 | CLERK'S NOTICE to Plaintiff(s) Attorney(s) by e−mail or U.S. mail re: Failure to E−File/E−Mail re 16 First Amended Complaint and/or Failure to Register as an E−Filer (aaa, Court Staff) (Filed on 6/28/2007) (Entered: 06/28/2007) |
| 07/11/2007 | 18 | ORDER RE AMENDED COMPLAINT. Signed by Judge Alsup on 7/11/2007. (whalc2, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/11/2007) |
| 07/31/2007 | 19 | CLERK'S NOTICE Scheduling Case Management Conference set for 8/30/2007 11:00 AM. Case Management Statement due by 8/23/2007. (dt, COURT STAFF) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 07/31/2007 | 20 | STANDING ORDER FOR ALL JUDGES re 19 Clerks Notice. (dt, COURT STAFF) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 08/22/2007 | 21 | CLERK'S NOTICE Rescheduling Hearing Time. Further Case Management Conference set for 8/30/2007 03:00 PM. Case Management Statement due by 8/23/2007. (dt, COURT STAFF) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/24/2007 | 22 | STIPULATION AND [proposed] ORDER by R. James Nicholson. (Dowling, Katherine) (Filed on 8/24/2007) (Entered: 08/24/2007) |
| 08/27/2007 | 23 | STIPULATION AND ORDER continuing case management conferece to 10/4/07. Signed by Judge Alsup on 8/27/07. (whalc2, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | | Set Deadlines/Hearings: Case Management Statement due by 9/27/2007. Case Management Conference set for 10/4/2007 11:00 AM. (sis, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/30/2007 | 24 | MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment filed by R. James Nicholson, Bryan Casey, Irving Spivey. Motion Hearing set for 10/4/2007 08:00 AM in Courtroom 9, 19th Floor, San Francisco. (Dowling, Katherine) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 08/30/2007 | 25 | Proposed Order re 24 MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment by R. James Nicholson, Bryan Casey, Irving Spivey. (Dowling, Katherine) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 09/17/2007 | 26 | MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment filed by Anthony Chrisanthis. (sis, COURT STAFF) (Filed on 9/17/2007) Additional attachment(s) added on 9/18/2007 (sis, COURT STAFF). (Entered: 09/18/2007) |
| 09/17/2007 | 27 | Reply Memorandum re 24 MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment filed by Anthony Chrisanthis. (sis, COURT STAFF) (Filed on 9/17/2007) Additional attachment(s) added on 9/18/2007 (sis, COURT STAFF). (Entered: 09/18/2007) |
| 09/18/2007 | 28 | ORDER by Judge Alsup granting 26 Motion for Extension of Time to File Response/Reply re 26 MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (whalc2, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/20/2007 | 29 | Reply to Opposition 27 filed by R. James Nicholson. (Dowling, Katherine) (Filed on 9/20/2007) Modified on 9/21/2007 (sis, COURT |

| | | |
|---|---:|---|
| | | STAFF). (Entered: 09/20/2007) |
| 09/25/2007 | 30 | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND VACATING HEARING by Judge Alsup granting 24 Motion to Dismiss (whalc2, COURT STAFF) (Filed on 9/25/2007) (Entered: 09/25/2007) |
| 09/25/2007 | 31 | JUDGMENT. Signed by Judge Alsup on September 25, 2007. (whalc2, COURT STAFF) (Filed on 9/25/2007) (Entered: 09/25/2007) |

ORIGINAL
FILED

07 JUN 26 PM 3:26

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-6899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Anthony Chrisanthis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br>Plaintiff<br><br>v.<br><br>R. JAMES NICHOLSON,<br>SECRETARY OF VETERANS AFFAIRS,<br>DR. BRIAN CASON, IRVING SPIVEY,<br>Does 1 to 10,<br>Defendants | CASE NO. C 07 0566 WHA<br><br>COMPLAINT FOR<br>DAMAGES; BIVEN'S<br>CLAIM; CIVIL RIGHTS<br>VIOLATION |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

This is an amended complaint for damages. Plaintiff Anthony Chrisanthis,

hereinafter referred to as Plaintiff, was employed as a respiratory therapist

by Defendants Dept. of Veterans Affairs, et al., hereinafter referred to as Defendants,

for approximately seventeen years before leaving his position on medical disability.

Plaintiff filed complaints with the Equal Employment Opportunity Commission and

an appeal of an agency denial of said complaints. Defendants were granted summary

judgment on the appeal. Plaintiff has exhausted his administrative remedies. Plaintiff

now files this independent complaint, which includes as separate causes of

action independent from any agency appeal, but is not limited to, wrongful discharge,

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415) 934-1827

discrimination based on sexual orientation, retaliation for whistle-blowing,

negligent and intentional infliction of emotional distress, and conspiracy to deprive

Plaintiff of his civil rights under Title 42, U.S.C. Section 1983.  Plaintiff also asserts

a Bivens Claim and a claim under the Health Insurance Portability and Accountability

Act, Title 42 U.S.C. Section 2000 e (Title VII).

## JURISDICTION

This action arises under the Constitution of the United States, Fourteenth

Amendment, Due Process and Equal Protection Clauses, Title VII of the U.S.

Code, the Rehabilitation Act of 1973, Title 42, U.S.C. Section 1983, Bivens,

the Health Insurance Portability and Accountability Act and other applicable

State of California and Federal statutes, laws and regulations.

## PARTIES

Plaintiff is a citizen of San Francisco, CA and a former employee of the V.A.

and Defendants R. James Nicholson, Dr. Brian Cason and Irving Spivey and Does 1

to 10 inclusive.

## INTRADISTRICT ASSIGNMENT

The Northern District, San Francisco Division of the Federal Court is the proper

venue for this action as to all events, complaints, filings and/or omissions which gave

rise to the claims alleged herein which occurred in San Francisco, CA.

## FACTUAL ALLEGATIONS

1. Prior to 2002 Plaintiff was employed by Defendants at the Veterans Affairs

Center at Fort Miley in San Francisco, CA.

2. Prior to 2002 Plaintiff received excellent personnel reviews from Defendants.

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

3. During 2002 Defendants began to seek Plaintiff's discharge and actively harass Plaintiff following Plaintiff's complaint to the Occupational Safety and Health Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center. That claim was found valid on 3-12-02 and the unsafe working conditions were corrected. At that time Plaintiff was a "whistleblower" and Plaintiff's actions were protected under 5 U.S.C. Sec. 2302(b)(8). Following Plaintiff's OSHA complaint Defendants made conditions so unbearable for Plaintiff that he was forced to end his active employment and take a medical discharge. Defendants Cason and Spivey and Does 1 to 10 inclusive acted in concert to violate Plaintiff's civil rights within the meaning of 42 U.S.C. Sec. 1983. As a result of Defendants' actions Plaintiff suffered and continues to suffer from severe emotional distress, both negligently and intentionally inflicted. This emotional distress has caused Plaintiff great pain, mental anguish, shock, humiliation and feelings of helplessness and desperation.

4. Following Plaintiff's exercise of his legal right to bring unsafe working conditions to the attention of OSHA, Defendants Cason and Spivey, acting in concert within the meaning of Bivens, began a campaign of harassment and intimidation denying Plaintiff his civil rights within the meaning of 42 U.S.C. Sec. 1983. Plaintiff was told he should quit, was singled out for reprimand, had his medical and personnel records accessed in violation of the Health and Insurance Portability and Accountability Act, was discriminated against because of sexual orientation and was denied necessary equipment needed for his safety.

5. Plaintiff's complaint is one of a continuing nature.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. General compensatory and exemplary damages against all Defendants for ending Plaintiff's career, violating Plaintiff's civil rights and right to work in a discrimination-free and non-hostile workplace and the severe emotional and physical distress caused Plaintiff. The amount of damages to be determined by the Court and/or jury.

B. Such other orders and further relied, including an award of costs and attorney fees as the Court deems just and valid.

## JURY DEMAND

Plaintiff requests a trial by jury.

Date: 6-25-07                    Respectfully Submitted,

_____.

John E. Stringer, Attorney for Plaintiff

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. My business address is 259 Oak Street, San Francisco, CA 94102. On the date indicated below, I served the following document(s):

PLAINTIFF'S FIRST AMENDED COMPLAINT

upon the following at the address)es) stated below:

Katherine B. Dowling, Assistant United States Attorney, 450 Golden Gate Avenue, 10th Floor, Box 36055, San Francisco, CA 94102

X **BY MAIL** by depositing true and correct copies in sealed envelopes in the United States Mail in accordance with the usual mailing practice of this firm.

__**BY PERSONAL SERVICE** in accordance with ordinary business practices during ordinary business hours.

X **BY FAX** at number listed. Said copies were placed for transmission by this firm's facsimile machine transmitting from (415)934-0899 at San Francisco, CA. The record of the transmission was properly issued by the transmitting fax machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on
_____6-26-07_____, at San Francisco, CA.


_____
John E. Stringer, Attorney at Law

(415)436-7169

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CHRISANTHIS,

        Plaintiff,

  v.

R. JAMES NICHOLSON, SECRETARY OF
VETERANS AFFAIRS, DEPARTMENT OF
VETERANS AFFAIRS, DR. BRYAN
CASON, IRVING SPIVEY, and DOES 1 TO
10,

        Defendants.

                         /

No. C 07-00566 WHA

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITHOUT LEAVE TO
AMEND AND VACATING
HEARING**

**INTRODUCTION**

Plaintiff Anthony Chrisanthis seeks damages from defendants James Nicholson,
Brian Cason, and Irving Spivey for allegedly "ending Plaintiff's career" after plaintiff
complained about dangerous conditions in his place of federal employment. Defendants move
to dismiss plaintiff's complaint on numerous grounds. This order holds that: (1) plaintiff's
claim of wrongful discharge is dismissed because the federal employment relationship is
governed by federal law, not state law regarding "wrongful discharge"; (2) plaintiff's claim of
sexual discrimination under Title VII is dismissed because sexual orientation is not a protected
category; (3) plaintiff's claim of deprivation of constitutional rights under 42 U.S.C. 1983 is
dismissed because the defendants are all federal actors rather than state actors; (4) plaintiff's
*Bivens* claim is dismissed because the relevant statute of limitations had expired before

United States District Court

For the Northern District of California

1   commencement of suit; (5) plaintiff's claim of retaliation for whistleblowing under the

2   Civil Service Reform Act is dismissed because he failed to pursue the necessary administrative

3   remedies; (6) plaintiff's tort claims are dismissed because he failed to named the United States

4   as a defendant and the CSRA precludes Federal Tort Claims Act actions; and (7) plaintiff's

5   claim under HIPAA is dismissed because there were insufficient facts alleged under a

6   cognizable legal theory and HIPAA does not provide a private cause of action.  Defendant's

7   motion to dismiss is hereby **GRANTED**.  Seeing that no further arguments are necessary, the

8   hearing is hereby **VACATED**.

**STATEMENT**

10      Plaintiff Anthony Chrisanthis was employed as a respiratory therapist at the

11  Veterans Administration at Fort Miley in San Francisco (Amd. Compl. at 2).  He made a

12  complaint to the Occupational Safety and Health Administration concerning unsafe conditions

13  at Fort Miley.  The claim was found valid on March 12, 2002, and the unsafe working

14  conditions were corrected.  Plaintiff alleged that, beginning in 2002, employees

15  Dr. Byron Cason and Irving Spivey sought his discharge and actively harassed him following

16  the complaint made to the OSHA.  "Plaintiff was told he should quit, was singled out for

17  reprimand, had his medical and personnel records accessed in violation of the Health and

18  Insurance Portability and Accountability Act, was discriminated against because of sexual

19  orientation and was denied necessary equipment needed for his safety."  Plaintiff further alleged

20  that defendants made conditions so unbearable that he resigned in 2002 (*id.* at 2–3).

21      Plaintiff filed an initial complaint on January 26, 2007 (Compl. at 1).  On May 11, 2007,

22  defendant filed a motion to dismiss, or in the alternative, for summary judgment.  After plaintiff

23  failed to file an opposition, he informed the Court that an amended complaint would be

24  forthcoming.  The Court granted defendant's motion on June 26, 2007.  Plaintiff filed his

25  amended complaint that same day.  In his amended complaint, plaintiff alleged the following

26  causes of action: (1) wrongful discharge, (2) discrimination based on sexual orientation,

27  (3) retaliation for whistleblowing under 5 U.S.C. 2302(b)(8), (4) negligent and intentional

28

2

**United States District Court**
For the Northern District of California

1   infliction of emotional distress, (5) conspiracy to deprive plaintiff of his constitutional rights

2   under 42 U.S.C. 1983, (6) a *Bivens* claim against Mr. Cason and Mr. Spivey; and (7) a claim

3   under the Health Insurance Portability and Accountability Act (Amd. Comp. at 1–2).

4                                    **ANALYSIS**

5          A district court may properly dismiss a complaint under Rule 12(b)(1) for lack of

6   subject-matter jurisdiction.  Alternatively, a motion to dismiss under Rule 12(b)(6) will be

7   granted if the pleadings fail to state a claim upon which relief can be granted.  Thus, dismissal

8   under Rule 12( b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the

9   absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

10  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

11         When reviewing a complaint under Rule 12(b)(6), courts should accept all allegations

12  as true and construe those facts in the light most favorable to the plaintiff.  *Clegg v. Cult*

13  *Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  But courts need not accept as true

14  unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations in the

15  form of factual allegations.  When ruling on a motion to dismiss, courts may consider the

16  complaint and documents appended to the complaint.  Furthermore, courts may take judicial

17  notice of matters of public record outside the pleadings without converting the motion to

18  dismiss into one for summary judgment.  *MGIC Idem. Corp. v. Weisan*, 803 F.2d 500, 504

19  (9th Cir. 1986).

20         **1.      PLAINTIFF'S CLAIM OF WRONGFUL DISCHARGE.**

21         Plaintiff claims that he was wrongfully discharged from his employment at the

22  Department of Veterans Affairs (Compl. at 1–2).  Wrongful discharge is a state claim,

23  not a federal claim, which is required in federal court.  Most importantly, the employment

24  relationship at federal agencies is governed by federal law, not state law concerning "wrongful

25  discharge."  *See Rains v. Criterion System, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) ("It is state,

26  not federal, law that creates the cause of action for wrongful discharge in violation of public

27  policy.  The direct and indirect references to Title VII in [that state law cause of action] do not

28                                        3

United States District Court

For the Northern District of California

1   make [that claim] into a federal cause[] of action") (internal citations omitted).  At all events,

2   even the state claim version of this could be heard in federal court only if there were proper

3   supplemental jurisdiction; the state claim must be transactionally related to a proper federal

4   claim.  28 U.S.C. 1367.  For the reasons stated below, plaintiff did not allege any proper federal

5   claims.

**2.    PLAINTIFF'S CLAIM OF DISCRIMINATION BASED ON
        SEXUAL ORIENTATION.**

6

7        Plaintiff claims that defendants discriminated against him because of his sexual

8   orientation.  Title VII does not cover discrimination based on sexual orientation.  Protected

9   groups are based on an individual's race, color, religion, sex, or national origin.

10  42 U.S.C. 2000e *et seq*.  Plaintiff does not rely on a cognizable legal theory, so his Title VII

11  claim of discrimination based on sexual orientation must be dismissed.

**3.    PLAINTIFF'S CLAIM OF CONSPIRACY TO DEPRIVE PLAINTIFF OF
        HIS CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983.**

12

13

14       Section 1983 provides a remedy for the deprivation of constitutional rights by persons

15  acting under color of *state* law – *i.e., state* actors.  Here, Dr. Cason and Spivey worked for the

16  Department of Veteran Affairs, a federal agency.  Defendants were *federal* actors who were

17  beyond the reach of Section 1983.  Plaintiff's Section 1983 claims must be dismissed for failure

18  to state a claim upon which relief can be granted.

**4.    PLAINTIFF'S *BIVENS* CLAIM.**

19

20       The applicable statute of limitations in *Bivens* actions is determined by a state's personal

21  injury statute.  *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991).  Before January 1, 2003,

22  California's personal-injury statute stated a personal injury claim must be filed within one year

23  of accrual, which is governed by federal law.  *Degrassi v. City of Glendora*, 207 F.3d 636, 644

24  (9th Cir. 2000) (applying Cal. Code Civ. Proc. 340).  According to *Western Ctr. for Journalism*

25  *v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000), a "*Bivens* claim accrues when the plaintiff

26  knows or has reason to know of the injury."  Starting January 1, 2003, the statute increased the

27  statute of limitations to two years.  Cal. Code of Civil Proc. 335.1.  This increased statute of

28
                                                4

United States District Court
For the Northern District of California

1  limitations only applied retroactively to victims of the September 11th terrorist attacks.

2  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

3      Plaintiff wanted to file *Bivens* claims against Mr. Cason and Mr. Spivey. His amended

4  complaint alleged that "[d]uring 2002 Defendants began to seek Plaintiff's discharge and

5  actively harass Plaintiff following Plaintiff's complaint to the Occupational Safety and Health

6  Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center."

7  He further alleged that, "[f]ollowing Plaintiff's exercise of his legal right to bring unsafe

8  working conditions to the attention of OSHA, Defendants Cason and Spivey, acting in concert

9  within the meaning of *Bivens*, began a campaign of harassment and intimidating denying

10  Plaintiff his civil rights.\" (Amd. Compl. at 3).

11      Given that the allegedly harassing behavior began after plaintiff's OSHA complaint in

12  2002, plaintiff either knew or had reason to know of his injury in 2002. Whether or not the two-

13  year statute of limitations applied, plaintiff failed to file the action within the statute of

14  limitations. Plaintiff filed his *Bivens* action in 2007, about five years after the time his *Bivens*

15  claim accrued. Where the facts and dates alleged in the complaint indicate that the claim is

16  time-barred by the statute of limitation, a motion to dismiss for failure to state a claim lies.

17  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The Court finds that plaintiff's

18  *Bivens* claims are time-barred and can therefore be dismissed for failure to state a claim.

19      **5.    PLAINTIFF'S CLAIM OF RETALIATION FOR WHISTLEBLOWING.**

20      Plaintiff claims retaliation for whistleblowing under the Civil Service Reform Act,

21  5 U.S.C. 2302(b)(8). After he made a complaint to OSHA regarding unsafe and dangerous

22  conditions at the Fort Miley Center, defendants allegedly retaliated against him, making the

23  workplace environment so unpleasant that he eventually resigned. Constructive discharge

24  constitutes a covered "personnel action" covered by the CSRA. 5 U.S.C. 2302(2)(A)(iii),

25  (ix), (xi) ("personnel action" includes "disciplinary or corrective action," "a decision

26  concerning pay, benefits, or awards," or "any other significant change in duties, responsibilities,

27  or working conditions"). "*Prohibited* personnel practices" include the taking of a personnel

28                                              5

United States District Court

For the Northern District of California

1  action that violates merit system principles.  5 U.S.C. 2302(b)(11).  Merit system principles

2  require that "[a]ll employees and applicants for employment should receive fair and equitable

3  treatment in all aspects of personnel management without regard to political affiliation, race,

4  color, religion, national origin, sex, marital status, age, or handicapping condition, and with

5  proper regard for their privacy and constitutional rights."  5 U.S.C. 2301(b)(2).  Here, plaintiff

6  claims that he was subject to such prohibited personnel practices, but he failed to seek the

7  proper administrative remedies.

8         Where the CSRA applies, there are only administrative remedies and no private causes

9  of action.  *See Bush v. Lucas*, 462 U.S. 367, 389 (1983) (holding that, given the government's

10  comprehensive scheme protecting civil servants against arbitrary action by supervisors which

11  provides meaningful remedies for employees who may have been unfairly disciplined for

12  making critical comments about their agencies, history of development of civil service remedies

13  and comprehensive nature of remedies currently available, court would not augment that

14  remedial system by creating a new judicial remedy for federal employee who was demoted for

15  exercising his First Amendment rights).  Because plaintiff's allegation of retaliation for

16  whistleblowing fell within the ambit of the CSRA, he should have pursued the proper

17  administrative remedies.  Plaintiff should have filed a direct appeal to the Merit System

18  Protection Board for his constructive discharge claim, which he failed to do.  5 U.S.C. 1214.

19  *See also Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (describing administrative

20  appeal process under the CSRA).  The Court dismisses plaintiff's CSRA claims because no

21  relief can be given.

22         **6.    PLAINTIFF'S CLAIM OF NEGLIGENT AND INTENTIONAL INFLICTION
              OF EMOTIONAL DISTRESS.**

23

24         Plaintiff claims, "Following Plaintffs' OSHA complaint Defendants made conditions so

     unbearable for Plaintiff that he was forced to end his active employment and take a medical
25
     discharge . . . As a result of Defendants' actions Plaintiff suffered and continues to suffer from
26
     severe emotional distress, both negligently and intentionally inflicted."  The only way an
27
     individual can sue the federal government for a tort is to do so under the Federal Tort Claims
28
     Act.  "[An] FTCA action against the Government [is] the exclusive remedy for torts committed

United States District Court

For the Northern District of California

1  by Government employees in the scope of their employment." *United States v. Smith*,

2  499 U.S. 160, 163 (1991).  In the instant case, plaintiff's FTCA claim fails.

3         First, plaintiff only names James Nicholson, Brian Cason, and Irving Spivey on the

4  complaint.  In order to file a proper claim under the FTCA, plaintiff would have to name the

5  United States as a defendant.  *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078

6  (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA

7  action, the district court correctly dismissed her complaint as improperly filed against the

8  Postal Service and [the Postmaster General].  The FTCA is the exclusive remedy for tort actions

9  against a federal agency, and this is so despite the statutory authority of any agency to sue or be

10  sued in its own name.  A claim against the United States Postal Service in its own name is not a

11  claim against the United States.  Because the plaintiff brought an FTCA action against a person

12  and entity not subject to the FTCA, the district court properly dismissed the named

13  defendants").

14         Second, even if plaintiff were to properly name the United States as a defendant, his

15  FTCA claim would still be flawed.  As discussed earlier, the CSRA applies to plaintiff's claims

16  of constructive discharge and retaliation.  His alleged emotional distress resulted from this

17  conduct and therefore fell under the CSRA.  The CSRA precludes claims under the FTCA.

18  *Orsay v. United States Dept. of Justice*, 289 F.3d 1125, 1131–32 (9th Cir. 2002) ("Appellants'

19  allegation that [the supervisor] received inappropriately light discipline due to his friendship

20  with the employees issuing the discipline is therefore a 'prohibited personnel practice' under the

21  CSRA.  Consequently, the CSRA preempts Appellants' FTCA claims regarding the purported

22  inadequacy of [the supervisor's] punishment").  Because they fail to state a claim upon which

23  relief can be granted, plaintiff's tort claims of negligent infliction of emotional distress and

24  intentional infliction of emotional distress must be dismissed.

25         **7.    PLAINTIFF'S CLAIM UNDER HIPAA.**

26         Plaintiff claims defendants accessed his medical and personnel records in violation of

27  the Health Insurance Portability and Accountability Act.  Nothing more is explained in the

28  complaint.  The claim is too vague and ambiguous for the Court to hazard how defendants

United States District Court

For the Northern District of California

1   inappropriately accessed plaintiff's records in violation of HIPAA. There is an absence of

2   sufficient facts alleged under a cognizable legal theory. Assuming *arguendo* that plaintiff

3   provided a more definite statement with respect to the improper conduct, he would still have

4   failed to state a claim upon which the Court could grant relief because HIPAA does not provide

5   a private cause of action. *See Webb v. Smart Document Solutions, LLC.,* 2007 WL 2410179,

6   *3 (9th Cir. 2007) (Paez, J.) ("Had [defendant] removed this case to federal court on the basis of

7   federal question jurisdiction under § 1331, the lack of a private right of action to enforce

8   HIPAA may have foreclosed Plaintiffs' [state] claim"). Plaintiff's claim under HIPAA must be

9   dismissed.

10                                        **CONCLUSION**

11          For the foregoing reasons, plaintiff's complaint is **DISMISSED**. Further leave to amend is

12   denied as futile. Seeing that there are no more arguments to be made, the hearing is hereby

13   **VACATED**.

14          **IT IS SO ORDERED.**

15

16   Dated:  September 25, 2007.                   _____

17                                                 WILLIAM ALSUP
                                                   UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28