1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   ABRAHAM A. SIMMONS (SBN 146400)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, 9th Floor
5       San Francisco, California 94102-3495
        Telephone:    (415) 436-7264
6       Facsimile:    (415) 436-6748
        Email:        abraham.simmons@usdoj.gov
7
    Attorneys for Federal Defendants
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
    ANTHONY CHRISANTHIS,              )    No. C 08-2472 WHA
12                                    )
                        Plaintiff,    )
13                                    )    **DEFENDANTS' NOTICE OF MOTION
                   v.                 )    AND MOTION TO DISMISS OR, IN
14                                    )    THE ALTERNATIVE, FOR SUMMARY
    DR. BRIAN CASON, IRVING SPIVEY,   )    JUDGMENT**
15  and DOES 1 TO 10,                 )    **[Fed.R.Civ.P. 12]**
                                      )
16                      Defendants.   )    Date:     September 11, 2008
                                      )    Time:     8:00 a.m.
17  ──────────────────────────────    )    Ctrm:     9, 19th Floor
                                           Before:   Hon. William H. Alsup
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iv

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . 2

   I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   II.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.    Plaintiff's First Action ("Chrisanthis I") . . . . . . . . . . . . . . . . . . . . . . 3

       B.    The Current Action ("Chrisanthis II") . . . . . . . . . . . . . . . . . . . . . . . 4

   III.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.    The Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.    Plaintiff's Claims All Should Be Dismissed Under Federal Law. . . . . . 7

       C.    Alternatively, Plaintiff's Claims Are Barred By The Doctrine Of
            *Res Judicata* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

           1.    There Is An Identity of claims . . . . . . . . . . . . . . . . . . . . . . . . 9

           2.    *Chrisanthis I* Resulted In A Final Judgment on the Merits . . . . . 10

           3.    There Is An Identity of the Parties . . . . . . . . . . . . . . . . . . . . . . 11

       D.    Plaintiff Has Otherwise Failed To State A Claim . . . . . . . . . . . . . . . . 11

   IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**                                                                    **PAGE**

3

4
*Adkins v. Allstate Insurance Co.*,
729 F.2d 974 (4th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5
*Balistreri v. Pacifica Police Department*,
901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6

7
*Blain v. United States*,
552 F.2d 289 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8
*Bush v. Lucas*,
462 U.S. 367 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9

10
*Clements v. Airport Authority*,
69 F.3d 321 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11
*Conley v. Gibson*,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12

13
*Day v. Moscow*,
955 F.2d 807 (2nd Cir. 1992) *cert. denied*, 506 U.S. 821 (1992) . . . . . . . . . . . . . . . . . . . 6

14
*Geraci v. Homestreet Bank*,
347 F.3d 749 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

16
*In re Gottheiner*,
703 F.2d 1136 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17
*Jackson v. United States*,
881 F.2d 707 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18

19
*KVOS, Inc. v. Associated Press*,
299 U.S. 269 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20
*Kapica v. United States Postal Service*,
95 M.S.P.R. 556 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21

22
*Kennedy v. United States Postal Service*,
145 F.3d 1077 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

23
*MGIC Indemnity Corp. v Weisman*,
803 F.2d 500 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24

25
*Mangano v. United States*,
529 F.3d 1243 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26
*Milne v. Deen*,
121 U.S. 525 (1887) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27

28
*Mir v. Little Co. of Mary Hospital*,
844 F.2d 646 (9th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Defendants' Motion To Dismiss
C 08-2472                                          ii

**TABLE OF AUTHORITIES, CONT'D**

1

2  *Nordhorn v. Ladish Co.,*
       9 F.3d 1402 (9th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3

4  *North Side Lumber Co. v. Block,*
       753 F.2d 1482 (9th Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5  *Okusami v. Psychiatric Institute Of Washington, Inc.,*
       959 F.2d 1062 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6

7  *Owens v. Kaiser Foundation Health Plan, Inc.,*
       244 F.3d 708 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8  *Roberts v. Corrothers,*
       812 F.2d 1173 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

10  *Saul v. United States,*
       928 F.2d 829 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11  *Sprewell v. Golden State Warriors,*
       266 F.3d 979 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12

13  *Stewart v. U.S. Bancorp,*
       297 F.3d 953 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14  *Stock West, Inc. v. Confederated Tribes,*
       873 F.2d 1221 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15

16  *Stratosphere Litigation L.L.C. v. Grand Casinos, Inc.,*
       298 F.3d 1137 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17  *Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,*
       322 F.3d 1064 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18

19  *Thornhill Public v. General Telegraph & Electric Corp.,*
       594 F.2d 730 (9th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20  *United States v. Fausto,*
       484 U.S. 439 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

22                                    **STATE CASES**

23  *Agarwal v. Johnson,*
       25 Cal. 3d 932, 603 P.2d 58, 160 Cal. Rptr. 141 (1979) . . . . . . . . . . . . . . . . . . . . . . 12

24

25  *Borba v. Thomas,*
       70 Cal. App. 3d 144 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26  *Cole v. Fair Oaks Fire Protection District,*
       43 Cal. 3d 148, 729 P.2d 743, 233 Cal. Rptr. 308 (1987) . . . . . . . . . . . . . . . . . . . . . . 12

27

28  *Tameny v. Atlantic Richfield Co.,*
       610 P.2d 1330 (Cal.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES, CONT'D

## FEDERAL STATUTES

5 U.S.C.S. § 1204(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 U.S.C. § 1214 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5 U.S.C. § 2302(b)(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5 U.S.C. § 8451 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. §2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C.S. § 1295(a)(3), (9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. 2680(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5 C.F.R. § 353.304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

FRCP 12 (b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

**TO PLAINTIFF ANTHONY CHRISANTHIS** through his attorney of record:

**PLEASE TAKE NOTICE** that on September 11, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the Honorable William H. Alsup, District Judge, Counsel for Defendant will appear and move the Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (FRCP"), for an order dismissing this action.

Defendant's motion to dismiss the Complaint is based first, on the issue that Plaintiff's claims are precluded by the Civil Service Reform Act, and failing that, both the Federal Tort Claims Act and the Tucker Act, second, on the issue that plaintiff's claims are barred by the doctrine of *res judicata* and third, on the ground that plaintiff otherwise has failed to state a claim upon which relief can be granted.

This motion to dismiss will be based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the pleadings and records on file herein, the pleadings and records in the case of *Chrisanthis v. Nicholson*, Case No. 07-0566 WHA (N.D.CA) (of which this Court may take judicial notice), the Request for Judicial Notice filed herewith and the Memorandum of Points and Authorities set forth below.

## RELIEF REQUESTED

Defendant requests dismissal with prejudice of all claims brought under the Complaint.

## ISSUES PRESENTED

Whether plaintiff's claims are preempted by federal law including the Civil Service Reform Act, the Tucker Act and the Federal Tort Claims Act each of which provides for exclusive remedies and additional provisions of law that preclude the claims brought under the pending complaint.

Whether defendants are entitled to dismissal of plaintiff's claims because they are barred by the doctrine of *res judicata* in that they all were or should have been presented in plaintiff's previous lawsuit against the same defendants.

Whether plaintiff failed to allege facts or a cognizable legal theory such that he has failed to state a claim upon which relief can be granted.

Defendants' Motion To Dismiss
C 08-2472                              1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Anthony Chrisanthis is a former employee of the Department of Veterans Affairs Medical Center in San Francisco ("VA").  This is his second lawsuit against his former supervisors at the VA.  This Court should dismiss this lawsuit for reasons similar to those that the Court acknowledged when it dismissed the first lawsuit– and for the additional reason that plaintiff's claims now also are barred by the doctrine of res judicata.

Plaintiff was employed by the VA as a respiratory therapist when he retired in September 2004.  On January 26, 2007, he filed suit[1] in the Northern District of California against Dr. Brian Cason, Irving Spivey and the Secretary of the Department of Veterans Affairs.  At that time, he characterized his departure as a constructive discharge and challenged the circumstances under which his employment with the VA came to an end.  On September 25, 2007, this Court granted the defendants' motion to dismiss all of the claims in plaintiff's amended complaint.  Plaintiff did not appeal the ruling.

Plaintiff now has filed another complaint– this time in California state court.  He again names Dr. Brian Cason and Irving Spivey as defendants (as well as Does 1-10) and again makes the basic claim that he was entitled to continued employment with the VA.  In this lawsuit, rather than claim he was forced to retire, he now claims he voluntarily accepted disability leave but that he did so in reliance upon statements made by his supervisors.  Specifically, plaintiff alleges that in 2004, defendants induced him to accept disability leave by promising to rehire him in the future.  Plaintiff alleges defendants' ultimate failure to rehire him in 2006 constitutes a breach of contract, fraud, wrongful discharge and negligent infliction of emotional distress.  Defendants are entitled to a dismissal with prejudice.

Nothing has happened to change the legal analysis since plaintiff's first lawsuit was dismissed.  His employment-related claims still are preempted by federal law.  The Civil Service Reform Act ("CSRA") still precludes plaintiff from challenging in federal court his supervisors' decisions hire him or terminate his employment.  Even if plaintiff somehow were able to argue

---

[1]      Plaintiff was represented at all relevant times by an attorney, John Stringer.  *Id.*

that these decisions were somehow not covered by the CSRA, he still would be precluded from bringing either a tort claim (the Federal Tort Claims Act ("FTCA") would apply) or a breach of contract claim (the Tucker Act would apply).

In addition, plaintiff's current lawsuit is barred by the doctrine of *res judicata*. Plaintiff's claims were, or should have been, brought in his previous lawsuit. Plaintiff also sues the same defendants regarding the same underlying facts notwithstanding a judgment on the merits against him in his previous case. Under these circumstances, the doctrine of *res judicata* precludes relitigation of plaintiff's claims.

Further, plaintiff has otherwise failed to state a claim upon which relief can be granted. He has utterly failed to present facts sufficient to establish a cause of action and cannot establish that the law provides him a remedy for what he alleges occurred. For all these reasons, this Court should dismiss plaintiff's complaint with prejudice. In light of plaintiff's failure to head this Court's previous order, the Court also should consider giving plaintiff a warning that future filings should be reviewed for legal and factual merit before being submitted.

## II.  FACTS

### A.    Plaintiff's First Action ("Chrisanthis I")

Plaintiff Anthony Chrisanthis was employed as a respiratory therapist at the VA for approximately 17 years. Request for Judicial Notice (filed herewith and hereinafter referred to as "RJN"), Exh 2 ("Complaint"). On January 26, 2007, plaintiff file his first lawsuit ("*Chrisanthis I*") in the Northern District of California against Dr. Brian Cason, Irving Spivey and the Secretary of the Department of Veterans Affairs challenging the circumstances under which his employment with the VA came to an end.

On June 26, 2007, plaintiff refined his claims. RJN, Exh. 3 (First Amended Complaint ("FAC")). Specifically, he filed an amended complaint in which he alleged claims for wrongful discharge, discrimination based on sexual orientation, retaliation for whistleblowing, negligent and intentional infliction of emotional distress, conspiracy to deprive plaintiff of his constitutional rights under Title 42, Section 1983, a *Bivens* violation, violations of the Health Insurance Portability and Accountability Act (HIPAA, codified at 42 U.S.C. Sect. 1320d-6),

Title 42, Section 2000e (Title VII), and "violations of state statutes." FAC at 1-2. The crux of the First Amended Complaint was that after plaintiff exercised his "legal right to bring unsafe working conditions to the attention of OSHA," defendants engaged in a campaign to "seek Plaintiff's discharge and actively harass Plaintiff . . .." FAC at ¶¶ 3-4.

On September 25, 2007, this Court granted the defendants' motion to dismiss all claims. RJN, Exh. 5. This Court ruled that:

- Plaintiff's claim of wrongful discharge was dismissed because the federal employment relationship is governed by federal, not state law regarding "wrongful discharge";

- Plaintiff's claim of sexual orientation discrimination under Title VII was dismissed because sexual orientation is not a protected category;

- Plaintiff's claim for deprivation of constitutional rights under section 1983 was dismissed because the defendants were all federal actors rather than state actors;

- Plaintiff's *Bivens* claim was dismissed because the relevant statute of limitations had expired prior to commence of the suit;

- Plaintiff's claim of retaliation for whistleblowing was dismissed because he failed to pursue the necessary administrative remedies;

- Plaintiff's tort claims were dismissed because he failed to name the United States as a defendant and the CSRA precluded Federal Tort Claims actions;

- Plaintiff's claim under HIPAA was dismissed because HIPAA does not provide a private right of action.

*Id.* Plaintiff was denied leave to amend and judgment was entered the same day. RJN, Exh. 5, 6. Plaintiff did not appeal the rulings. *See* RJN, Exh. 1 (Docket Sheet).

2.   **The Current Action ("Chrisanthis II")**

Plaintiff filed the current action in the Superior Court for the State of California, County of San Francisco. He again names Dr. Brian Cason and Irving Spivey as defendants (as well as Does 1-10) and again makes the basic claim that he is entitled to continued employment with the VA. Docket No. 1 (Notice of Removal, Exh. 1 "Complaint").

Defendants removed the pending complaint to this Court on May 14, 2008. Docket No. 1.

On June 6, 2008, this Court entered an order establishing that the cases are related. Docket No. 13.

The first cause of action alleges a breach of contract and appears on page four. Plaintiff alleges that in March of 2004, he was employed by the VA and he entered into a written agreement with the federal entity and defendants whereby he would "take paid disability leave." Plaintiff alleges that one of the terms of the agreement was that he could "reapply for his position" but that in July of 2007, defendants "refused to honor this agreement." Docket 1, Exh. 1 at 4. Plaintiff does not attach a copy of the contract, does not provide allegations regarding the authorization of the individuals to extend an offer of re-employment and does not explain how the contract was breached. *Id.*

Plaintiff's second cause of action is for fraud. *Id.* at page 5. The complaint incorporates all the allegations from the contract action and adds that defendants never intended to rehire Plaintiff and conspired to keep plaintiff "from securing his previous position." *Id.* Plaintiff further alleges defendants knew that the facts surrounding plaintiff's forced decision to seek disability leave were false[2] and defendants sought to discharge plaintiff and never rehire him. *Id.* In addition, plaintiff alleges defendants concealed or suppressed the fact that they did not intend to rehire plaintiff, that plaintiff was unaware of the fact that defendants did not intend to rehire him and that, as a result of the fraud, he was deprived of his continuing career and the subsequent benefits of his career. *Id.*

Plaintiff's third cause of action is for negligent infliction of emotional distress. *Id.*, at page 6. Plaintiff alleges that because he complained of dangerous work conditions, defendants sought to terminate him. Plaintiff alleges he was forced to take disability leave due to emotional distress and that defendants have since refused to rehire him "per Defendants' agreement with Plaintiff." *Id.* Plaintiff alleges that Defendants were in a position of authority over Plaintiff and owed Plaintiff a duty not to abuse their authority. *Id.* Plaintiff alleges he remains on disability leave

---

[2]    Although not clear from the allegations in the complaint, this presumably refers to plaintiff's allegation in his previous lawsuit that he was "forced" to take disability as a result of defendants' allegedly improper conduct. *See* FAC at

1    and Defendants' negligence is of a continuing nature. *Id.*

2    The fourth cause of action is for wrongful discharge in violation of California's Fair Housing

3    and Employment Act. Plaintiff alleges that because of his sexual orientation and/or in response

4    to his complaints of unsafe working conditions, defendants "fabricated a story concerning alleged

5    negligence by Plaintiff" that led to his real and constructive discharge. *Id.* at 7.

6    The complaint includes a claim for exemplary damages.

7    **III.    ANALYSIS**

8    A.    The Standard Of Review

9    A motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12 (b)(1) may

10   be brought as a speaking motion, attacking the existence of jurisdiction rather than the allegations

11   of the complaint. *Thornhill Pub. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th

12   Cir.1979). Because the court's power to hear the case is at issue, the court may weigh extrinsic

13   evidence and determine the facts in order to satisfy itself as to its power to hear the case. *Roberts*

14   *v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Where the issue of jurisdiction can be

15   separated from the merits of the case, a court may consider evidence presented for the

16   jurisdictional issue, resolve factual disputes, and rule on the issue of jurisdiction. *Id.*   The court

17   is not obligated to accept as true allegations raised in the complaint that are contradicted by prior

18   proceedings of which judicial notice is properly taken. *See Sprewell v. Golden State Warriors*,

19   266 F.3d 979, 988 (9th Cir.2001).

20   A court also may grant a motion to dismiss pursuant to 12(b)(6) for failure to state a claim. A

21   motion under Rule 12(b)(6) may be granted if "it appears beyond doubt that the plaintiff can

22   prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

23   *Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint should be

24   construed in the light most favorable to the plaintiff. *Geraci v. Homestreet Bank*, 347 F.3d 749,

25   751 (9th Cir.2003). Dismissal is proper under this theory when there exists either a "lack of

26   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

27   theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). An FRCP

28   12(b)(6) motion may be premised on *res judicata* if the basis for that defense can be established

by public records which are properly the subject of judicial notice. *See Day v. Moscow*, 955 F.2d 807, 811 (2nd Cr. 1992) (*res judicata*, normally an affirmative defense, maybe upheld on FRCP 12(b)(6) motion "when all relevant facts are shown by the court's own records"), *cert. denied*, 506 U.S. 821 (1992); *MGIC Indemnity Corp. v Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (judicial notice of matters of public record outside pleadings appropriate on motion to dismiss). *See also*, *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (a court may "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of a motion to dismiss).

B.    Plaintiff's Claims All Should Be Dismissed Under Federal Law.

Federal courts are courts of limited jurisdiction, hence a federal court is presumed to lack jurisdiction until an affirmative showing of jurisdiction is made. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of establishing subject matter jurisdiction. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, (1936) (Where allegations giving rise to jurisdiction are competently challenged by the defendant the plaintiff must support them by competent proof.)

Here, plaintiff alleges he was employed with the VA and that his employment with the VA ended improperly or that he unfairly was precluded from re-applying. Plaintiff argues that his supervisors therefore are liable under a variety of state laws including contract, fraud, negligent infliction of emotional distress and wrongful discharge laws. As this Court found in *Chrisanthis I*, this Court has no jurisdiction over such state law claims against plaintiff's federal employer. Instead, the CSRA precludes claims that involve alleged "prohibited personnel practices" such as improper decisions regarding hiring and firing. *See* 5 U.S.C. § 2302(b)(11). The Ninth Circuit Court of Appeals recently explained:

> By enacting the CSRA, Congress created "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration."[*United States v. Fausto*, 484 U.S. 439, 445, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)] The CSRA creates a "remedial scheme through which federal employees can challenge their supervisors' "prohibited personnel practices." *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir.2002) (quoting 5 U.S.C. § 2302). If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the

employee's] only remedy." *Id.* The CSRA's remedial scheme is both exclusive and preemptive because "permit[ting] FTCA claims to supplant the CSRA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review." *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir.1991). Accordingly, where Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are preempted. *See Fausto*, 484 U.S. at 455, 108 S.Ct. 668. In fact, a federal employee's personnel-related complaints are preempted "even if no remedy [is] available ... under the CSRA." *Collins v. Bender*, 195 F.3d 1076, 1079 (9th Cir.1999); *see Bush v. Lucas*, 462 U.S. 367, 388, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Blankenship v. McDonald*, 176 F.3d 1192, 1195 (9th Cir.1999).

*Mangano v. United States,* 529 F.3d 1243, 1246 (9th Cir. 2008).

As with *Chrisanthis I*, neither naming an improper defendant nor filing in the wrong forum will avoid the effect of the CSRA. Where the CSRA applies, there are only administrative remedies and no private causes of action. *See Bush v. Lucas*, 462 U.S. 367, 389 (1983). Plaintiff should bring his claims before the VA and, failing that, the Merit System Protection Board. 5 U.S.C. § 1214; *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991). Additionally, the Federal Circuit has exclusive jurisdiction of final orders or decisions of the Merit Systems Protection Board. 28 U.S.C.S. § 1295(a)(3), (9).

In this case, plaintiff again has attempted to ignore the CSRA and its elaborate statutory scheme by simply filing a private cause of action. This Court already has instructed plaintiff that such a strategy has no basis in law and there is no apparent basis for plaintiff's decision to ignore this Court's previous resolution of this case. The law has not changed. Plaintiff's change of forum to state court also does not change the analysis. The claims again should be dismissed.

Even if plaintiff somehow could argue that his supervisors' decisions somehow were not covered by the CSRA, his claims still would fail under the federal law. Plaintiff's breach of contract claim would otherwise be governed by the Tucker Act. Under the Tucker Act plaintiff would be obligated to file his claim in the Court of Claims and would be limited in the relief he could seek. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1486 (9th Cir.1985). Similarly, plaintiff's tort claims would otherwise be governed by the FTCA. Under the FTCA, plaintiff has not sued the right defendant, *see Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (ruling that the United States is the only proper defendant in an FTCA claim); has

not exhausted his administrative remedies, *see* 28 U.S.C. §2401(b) (requiring that an administrative claim be presented to the administrative agency within two years of the incident as a jurisdictional prerequisite to filing suit); *Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977) (same) (per curiam); and seeks to have the court address non-cognizable claims. *See* 28 USC 2680(h) (the Government has not waived sovereign immunity over, "[A]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights."). For all these reasons, plaintiff's claims would not survive even if the CSRA were not applicable.

In sum, plaintiff again has chosen the wrong forum for his claims. He already has been instructed that the law precludes a private right of action. He nevertheless has attempted to simply file similar claims in state, rather than federal, court. This maneuver does nothing to bolster the merits of plaintiff's claims. The claims again should be dismissed and plaintiff should be instructed that making repeated meritless filings will not be tolerated.

C.    Alternatively, Plaintiff's Claims Are Barred By The Doctrine Of *Res Judicata*

*Res judicata*, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (emphasis added) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). *Res judicata* applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (internal quotations omitted). The application of this doctrine is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction. Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations and citations omitted); *see also Bell v. United States*, 2002 U.S. Dist. LEXIS 15863, 2002 WL 1987395, at *4 (E.D. Cal. 2002) ("The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions."); *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995).

In this case, all three prerequisites have been met and the doctrine of res judicata applies to

preclude the claims made in the pending action:

        1.    <u>There Is An Identity Of claims</u>

The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995). The following four criteria are used to determine whether an identity of claims exists for *res judicata* purposes: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether the two suits involve infringement of the same right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1405 (9th Cir.1993).

Here, each of the four criteria easily are met and there is an identity of claims between those brought in *Chrisanthis I* and the claims in this case. Whether viewed as the rights established, the rights allegedly infringed upon, the evidence that is relevant or the transactional nucleus of facts, the issues in *Chrisanthis I* are virtually identical to those in the case at bar.

In both cases, plaintiff would have sought to establish liability by demonstrating the treatment he received from his supervisors at the VA was unfair. Specifically, in both cases Chrisanthis would have sought damages for the alleged "'ending [of his] career' after he complained about dangerous conditions in his place of federal employment." *See* RJN, Exh. 5 (Order) at 1:19-20. Both suits involve the alleged infringement of the same rights, namely, plaintiff's rights as a federal employee including his right to complain, his right to continued employment and his right to be evaluated pursuant to merit system principles. Similarly, both actions involve evaluation of the same evidence; i.e, plaintiff's performance as an employee with the VA, his allegation that he complained about working conditions, his evidence that his supervisors took unfair actions against him (either because of his complaints or because of his sexual orientation or both), and his allegation that he unfairly lost his job or was unable to get reinstated.

In sum, defendants and the federal government are entitled to rely upon the Court's previous conclusion that all plaintiff's claims must be dismissed. The evidence, rights at issue and transactional nucleus of facts are the same. The "identity of claims" requirement is therefore

satisfied for purposes of applying the doctrine of res judicata.

2.    *Chrisanthis I* Resulted In A Final Judgment on the Merits

Dismissal for failure to state a claim on which relief can be granted under Rule 12(b)(6) operates as a resolution on the merits and is ordinarily prejudicial. *Okusami v. Psychiatric Inst. Of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992). Further, for purposes of the doctrine of *res judicata*, the phrase "final judgment on the merits" may be used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). A summary judgment "has always been considered a final judgment on the merits." *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984). If the district court's order was appealable but unappealed, the issues contained therein are res judicata. *Milne v. Deen*, 121 U.S. 525, 532-34, 7 S.Ct. 1004, 30 L.Ed. 980 (1887).

Here, this Court's order dismissing plaintiff's employment-related claims, including his wrongful termination claim and related tort claims, focused on the fact that "no relief can be given." 6:20-21. The claims therefore were dismissed for failure to state a claim on which relief can be granted. Such a dismissal is on the merits and a judgment followed. The judgment was not appealed. Accordingly, there is a final judgment in Chrisanthis for purposes of applying the doctrine of res judicata.

3.    There Is An Identity of the Parties

Application of the doctrine of res judicata requires that the parties in the previous actions are either identical to, or are in privity with, the parties in the subsequent lawsuit. *Tahoe Sierra Preservation Council, Inc. V. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). Privity may exist if there is substantial identity between the parties, "that is, when there is sufficient commonality of interest." *Id.*, citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983); *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F3d 1137, 1142 n. 3 (9th Cir. 2002).

Here, the parties are the same. Plaintiff in both cases is Chrisanthis. Notwithstanding this Court's previous order, plaintiff has again sued Cason and Spivey. Whether viewed in their individual capacity or as the inappropriately named surrogate for the United States and its

agencies, Cason and Spivey are the same party as was sued in *Chrisanthis I*. Because there is identity of the parties, a final judgment on the merits and an identity of the claims between *Chrisanthis I* and the case at bar, the doctrine of res judicata applies and the current lawsuit should be dismissed.

### D.    Plaintiff Has Otherwise Failed To State A Claim

Plaintiff fails to state a claim in his complaint for additional reasons.

The first cause of action alleged in the pending complaint is for breach of contract. Nevertheless, plaintiff has not and cannot allege sufficient facts to establish a change in the federal employment contract to which he was a party. Plaintiff acknowledges in the complaint that his employment contract was with the federal government. He claims the defendants somehow made a promise that he suggests may altered or amended the employment contract; or established a separate contract. It is fundamental, however, that disability retirement is a creature of statute. 5 U.S.C. § 8451. Under the Office of Personnel Management's regulations, an injured employee or former employee, who has partially or fully recovered from a compensable injury, may appeal to the MSPB[3] from an agency's failure to restore the individual following a leave of absence. *See* 5 C.F.R. § 353.304 (2007); *Kapica v. United States Postal Service*, 95 M.S.P.R. 556, 559-60 (2004). Thus, even if plaintiff could bring his action in federal court, he has not provided facts to establish that his contract can be interpreted without regard to the limitations and requirements set out in the federal regulations. Plaintiff therefore has failed to allege facts sufficient to state a claim upon which relief can be granted.

Similarly, plaintiff's second cause of action for fraud alleges insufficient facts. Even under California law, a manager's opinions about future employment generally are not actionable. *Borba v. Thomas*, 70 Cal.App.3d 144, 152 (1977). Nevertheless, in this case, plaintiff alleges nothing more than that in 2004, his managers told him he could reapply for a job if he were to go on disability leave. Plaintiff has not, and cannot in good faith, allege sufficient facts from which

---

[3]    Congress gave the Merit Systems Protection Board the responsibility, *inter alia*, to adjudicate appeals of adverse personnel actions taken by a federal agency against its employees. 5 U.S.C.S. §§ 1204(a)(1), 7512, 7513(d), and 7701(a).

Defendants' Motion To Dismiss
C 08-2472                                          12

his supervisors' statements can provide the basis for fraud.

Plaintiff's third cause of action for negligent infliction of emotional distress ("NIED") suffers the same inadequacies. Even if plaintiff were able to bringing a state law claim against these defendants under a NIED theory, he would have to allege "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155 n. 7, 729 P.2d 743, 746 n. 7, 233 Cal.Rptr. 308, 312 n. 7 (1987) (citing *Agarwal v. Johnson*, 25 Cal.3d 932, 603 P.2d 58, 160 Cal.Rptr. 141 (1979)). The complaint is devoid of such facts to meet these criteria. Certainly, plaintiff has not sufficiently alleged outrageous conduct nor sufficiently severe emotional distress to state a claim.

Plaintiff's fourth cause of action is for wrongful termination. Under both federal and state law, two of the elements that must be alleged are: (1) an actual or constructive discharge that (2) is discriminatory or otherwise violates public policy. *.See Tameny v. Atlantic Richfield Co.*, 610 P.2d 1330, 1331 (Cal.1980). Here, plaintiff failed to specify the public policy that has been violated.[4]

## IV.   CONCLUSION

The complaint again should be dismissed without leave to amend. In addition, plaintiff should be given guidance regarding future filings to ensure he complies with his obligations to verify that there is sufficient basis in law and fact for all future submissions.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: August 4, 2008

_____
ABRAHAM A. SIMMONS
Assistant United States Attorney

---

[4]     Additionally, the United States has not waived its sovereign immunity for punitive damages. *Jackson v. United States*, 881 F.2d 707 (9th Cir. 1989). This request for relief also is meritless.

Defendants' Motion To Dismiss
C 08-2472

13