1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ABRAHAM A. SIMMONS (SBN 146400)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, 9th Floor
5      San Francisco, California 94102-3495
       Telephone:    (415) 436-7264
6      Facsimile:    (415) 436-6748
       Email:        abraham.simmons@usdoj.gov
7
8  Attorneys for Federal Defendants

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

                SAN FRANCISCO DIVISION

ANTHONY CHRISANTHIS,              )    No. C 08-2472 WHA
                                  )
              Plaintiff,           )
                                  )
        v.                        )    **DEFENDANTS' REQUEST FOR**
                                  )    **JUDICIAL NOTICE OF PAPERS**
                                  )    **FILED IN *CHRISANTHIS I***
DR. BRIAN CASON, IRVING SPIVEY,   )    **[Fed.R.Civ.P. 12]**
and DOES 1 TO 10,                 )
                                  )    MSJ Hearing: September 11, 2008
              Defendants.         )    Time:        8:00 a.m.
                                  )    Ctrm:        9, 19th Floor
                                       Before:      Hon. William H. Alsup

        Pursuant to Federal Rule of Evidence 201, defendants hereby request that the

Court take judicial notice of the proceedings and all the documents in the court files in

*Anthony Chrisanthis v. R. James Nicholson, et al.*, Civil No. 07-0566 WHA (*Chrisanthis I*).

        Rule 201(d) of the Federal Rules of Evidence provides that a Court shall take

judicial notice of adjudicative facts if requested by a party and supplied with the

necessary information.  A judicially noticed fact must be one not subject to reasonable

dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned. F.R.E. 201(b).  Such "[j]udicial notice may be

taken at any stage of the proceeding," (*Sinaloa Lake Owners Association v. City of Simi Valley*,

1    882 F.2d 1398, 1403 n. 2 (9th Cir.1989), *cert. denied*, 494 U.S. 1016 (1990)) and is mandatory

2    "if requested by a party and [the court is] supplied with the necessary information." Rule 201(d).

3        The Federal Defendants assert that F.R.E. 201(b)(2) is applicable here.  The Court

4    has before it all the information necessary to take judicial notice of the pleadings on file

5    and the rulings in *Chrisanthis I.*  Each decision and paper is an adjudicative fact that is

6    "capable of accurate and ready determination by resort to sources whose accuracy cannot

7    reasonably be questioned."  F.R.E. 201.  As the documents were submitted to, and the

8    opinions were entered by, this very court, all such documents fulfill this requirement.

9        A true and correct copy of the most relevant filings in *Chrisanthis I*, as well as a

10   true and correct copy of a recently-printed docket sheet, is attached hereto as enumerated

11   below:

12         1.   Civil Docket sheet in *Anthony Chrisanthis v. R. James Nicholson, et al.*,

13              Civil No. 07-0566 WHA.

14         2.   Complaint [Docket No. 1] filed January 26, 2007.

15         3.   First Amended Complaint [Docket No. 16] filed June 26, 2007.

16         4.   Opposition to Motion To Dismiss Or For Summary Judgment [Docket No

17              27] (filed as "Reply Memorandum") filed September 17, 2007.

18         5.   Order Granting Defendants' Motion To Dismiss [Docket 30] filed

19              September 25, 2007.

20         6.   Judgment [Docket No. 31] filed and entered September 25, 2007.

21         Respectfully submitted,

22         JOSEPH P. RUSSONIELLO
           United States Attorney

23

24

25   Dated: August 4, 2008

26         ABRAHAM A. SIMMONS
           Assistant United States Attorney

27

28

Defendants' Request for Judicial Notice
C 08-2472        2

# EXHIBIT 1

ADRMOP, CLOSED, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00566-WHA

Chrisanthis v. Nicholson et al
Assigned to: Hon. William H. Alsup
Relate Case Case: 3:08-cv-02472-WHA
Cause: 42:1983 Civil Rights Act

Date Filed: 01/26/2007
Date Terminated: 09/25/2007
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Anthony Chrisanthis**

represented by **John Eric Stringer**
259 Oak Street
San Francisco, CA 94102
415-934-1827
Fax: 415-934-0899
Email: nolojes@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**R. James Nicholson**
*Secretary of Veterans Affairs,*
*Department of Veterans Affairs*

represented by **Abraham A. Simmons**
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
(415) 436-7264
Fax: (415) 436-6748
Email: abraham.simmons@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Katherine Burke Dowling**
United States Attorney's Office
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102-3495
415-436-6833
Fax: 415-436-6748
Email: Katherine.dowling@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Bryan Casey**                    represented by **Katherine Burke Dowling**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Abraham A. Simmons**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Irving Spivey**                       represented by **Katherine Burke Dowling**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Abraham A. Simmons**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2007 | 1 | COMPLAINT and DEMAND FOR JURY TRIAL against R. James Nicholson, Bryan Casey, Irving Spivey ( Filing fee $ 350, receipt number 34611002247.). Filed byAnthony Chrisanthis. (sis, COURT STAFF) (Filed on 1/26/2007) Additional attachment(s) added on 7/16/2007 (sis, COURT STAFF). (Entered: 01/29/2007) |
| 01/26/2007 | | Summons Issued as to R. James Nicholson, Bryan Casey, Irving Spivey, U.S. Attorney and U.S. Attorney General (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 01/26/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 4/19/2007. Case Management Conference set for 5/3/2007 11:00 AM. (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 01/26/2007 | 3 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 2 ADR Scheduling Order (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 01/26/2007 | | CASE DESIGNATED for Electronic Filing. (sis, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/29/2007) |
| 02/23/2007 | 4 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer (Doc. 1) (sis, COURT STAFF) (Filed on 2/23/2007) (Entered: 02/23/2007) |
| 03/19/2007 | 5 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer (Doc. 1) SECOND NOTICE (sis, COURT STAFF) (Filed on 3/19/2007) (Entered: 03/19/2007) |
| 05/02/2007 | 6 | STIPULATION by R. James Nicholson. (Dowling, Katherine) (Filed on |

| | | 5/2/2007) (Entered: 05/02/2007) |
|---|---|---|
| 05/03/2007 | 7 | Minute Entry: Initial Case Management Conference held on 5/3/2007 before William Alsup (Date Filed: 5/3/2007). Plaintiff's counsel shall appear at the next hearing and has one week to serve the defendants. Case Management Conference set for 5/10/2007 11:00 AM. (Court Reporter Sahar McVickar.) (dt, COURT STAFF) (Date Filed: 5/3/2007) (Entered: 05/03/2007) |
| 05/03/2007 | 8 | CASE MANAGEMENT SCHEDULING ORDER: Case Management Conference set for 5/10/2007 11:00 AM. By then, plaintiff must have served all defendants. Mr. Stringer will please attend this time. Signed by Judge William Alsup on 5/3/2007. (whasec, COURT STAFF) (Filed on 5/3/2007) (Entered: 05/03/2007) |
| 05/10/2007 | 9 | Minute Entry: Initial Case Management Conference held on 5/10/2007 before William Alsup (Date Filed: 5/10/2007). (Court Reporter Kathy Wyatt.) (dt, COURT STAFF) (Date Filed: 5/10/2007) (Entered: 05/11/2007) |
| 05/14/2007 | 10 | MOTION to Dismiss , or in The Alternative, For Summary Judgment filed by R. James Nicholson. Motion Hearing set for 6/28/2007 08:00 AM in Courtroom 9, 19th Floor, San Francisco. (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/14/2007 | 11 | Declaration of Joseph Hart in Support of 10 MOTION to Dismiss , or in The Alternative, For Summary Judgment filed byR. James Nicholson. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Related document(s) 10 ) (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/14/2007 | 12 | Proposed Order re 10 MOTION to Dismiss , or in The Alternative, For Summary Judgment by R. James Nicholson. (Dowling, Katherine) (Filed on 5/14/2007) (Entered: 05/14/2007) |
| 05/23/2007 | 13 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer (Doc. 1) THIRD NOTICE (sis, COURT STAFF) (Filed on 5/23/2007) (Entered: 05/23/2007) |
| 06/11/2007 | 14 | ORDER RE ECF REQUIREMENTS. Signed by Judge Alsup on 6/11/2007. (whalc2, COURT STAFF) (Filed on 6/11/2007) (Entered: 06/11/2007) |
| 06/26/2007 | 15 | ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING by Judge Alsup granting 10 Motion to Dismiss. (whalc2, COURT STAFF) (Filed on 6/26/2007) (Entered: 06/26/2007) |
| 06/26/2007 | 16 | FIRST AMENDED COMPLAINT FOR DAMAGES; BIVEN'S CLAIM; CIVIL RIGHTS VIOLATION against R. James Nicholson, Bryan Casey, Irving Spivey, Anthony Chrisanthis. Filed byAnthony Chrisanthis. (aaa, Court Staff) (Filed on 6/26/2007) Additional attachment(s) added on 7/16/2007 (sis, COURT STAFF). (Entered: 06/28/2007) |
| 06/28/2007 | 17 | CLERK'S NOTICE to Plaintiff(s) Attorney(s) by e-mail or U.S. mail re: Failure to E-File/E-Mail re 16 First Amended Complaint and/or Failure to Register as an E-Filer (aaa, Court Staff) (Filed on 6/28/2007) (Entered: 06/28/2007) |
| | | |

| 07/11/2007 | 18 | ORDER RE AMENDED COMPLAINT. Signed by Judge Alsup on 7/11/2007. (whalc2, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/11/2007) |
|---|---|---|
| 07/31/2007 | 19 | CLERK'S NOTICE Scheduling Case Management Conference set for 8/30/2007 11:00 AM. Case Management Statement due by 8/23/2007. (dt, COURT STAFF) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 07/31/2007 | 20 | STANDING ORDER FOR ALL JUDGES re 19 Clerks Notice. (dt, COURT STAFF) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 08/22/2007 | 21 | CLERK'S NOTICE Rescheduling Hearing Time. Further Case Management Conference set for 8/30/2007 03:00 PM. Case Management Statement due by 8/23/2007. (dt, COURT STAFF) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/24/2007 | 22 | STIPULATION *AND [proposed] ORDER* by R. James Nicholson. (Dowling, Katherine) (Filed on 8/24/2007) (Entered: 08/24/2007) |
| 08/27/2007 | 23 | STIPULATION AND ORDER continuing case management conferece to 10/4/07. Signed by Judge Alsup on 8/27/2007. (whalc2, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | | Set Deadlines/Hearings: Case Management Statement due by 9/27/2007. Case Management Conference set for 10/4/2007 11:00 AM. (sis, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/30/2007 | 24 | MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* filed by R. James Nicholson, Bryan Casey, Irving Spivey. Motion Hearing set for 10/4/2007 08:00 AM in Courtroom 9, 19th Floor, San Francisco. (Dowling, Katherine) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 08/30/2007 | 25 | Proposed Order re 24 MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* by R. James Nicholson, Bryan Casey, Irving Spivey. (Dowling, Katherine) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 09/17/2007 | 26 | MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* filed by Anthony Chrisanthis. (sis, COURT STAFF) (Filed on 9/17/2007) Additional attachment(s) added on 9/18/2007 (sis, COURT STAFF). (Entered: 09/18/2007) |
| 09/17/2007 | 27 | Reply Memorandum re 24 MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* filed byAnthony Chrisanthis. (sis, COURT STAFF) (Filed on 9/17/2007) Additional attachment (s) added on 9/18/2007 (sis, COURT STAFF). (Entered: 09/18/2007) |
| 09/18/2007 | 28 | ORDER by Judge Alsup granting 26 Motion for Extension of Time to File Response/Reply re 26 MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* (whalc2, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |

| 09/20/2007 | 29 | Reply to Opposition 27 filed by R. James Nicholson. (Dowling, Katherine) (Filed on 9/20/2007) Modified on 9/21/2007 (sis, COURT STAFF). (Entered: 09/20/2007) |
| 09/25/2007 | 30 | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND VACATING HEARING by Judge Alsup granting 24 Motion to Dismiss (whalc2, COURT STAFF) (Filed on 9/25/2007) (Entered: 09/25/2007) |
| 09/25/2007 | 31 | JUDGMENT. Signed by Judge Alsup on September 25, 2007. (whalc2, COURT STAFF) (Filed on 9/25/2007) (Entered: 09/25/2007) |
| 06/03/2008 | 32 | MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related; Declaration of Abraham A. Simmons* filed by R. James Nicholson, Bryan Casey, Irving Spivey. (Attachments: # 1 Exhibit Docket Sheet, # 2 Exhibit First Amended Complaint, # 3 Exhibit Order)(Simmons, Abraham) (Filed on 6/3/2008) (Entered: 06/03/2008) |
| 06/03/2008 | 33 | Proposed Order re 32 MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related; Declaration of Abraham A. Simmons* by R. James Nicholson, Bryan Casey, Irving Spivey. (Simmons, Abraham) (Filed on 6/3/2008) (Entered: 06/03/2008) |
| 06/11/2008 | 34 | RELATED CASE ORDER by Judge William Alsup granting 32 Motion to Relate Case. Case C08-2472 SBA is related to C07-0566 WHA. (dt, COURT STAFF) (Filed on 6/11/2008) (Entered: 06/11/2008) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 08/04/2008 09:25:54 | | | |
| **PACER Login:** | us5207 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00566-WHA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT 2

1

2  JOHN E. STRINGER sbn 194556
3  259 OAK STREET
   SAN FRANCISCO, CA 94102
4  (415)934-1827    (415)934-0899
   Attorney for Anthony Chrisanthis

5

## UNITED STATES DISTRICT COURT

6

## NORTHERN DISTRICT OF CALIFORNIA

7

## SAN FRANCISCO DIVISION

8

9  ANTHONY CHRISANTHIS,        )
   Plaintiff                   )    CASE NO. _____ 0566
10                             )
                               )
11         v.                  )                    BY FAX
                               )
12  R. JAMES NICHOLSON,        )
    SECRETARY OF VETERANS      )
13  AFFAIRS,                   )
    DEPT. OF VETERANS AFFAIRS, )
14  DR. BRYAN CASON,           )
    IRVING SPIVEY,             )
15  Does 1 to 10,              )
    Defendants                 )
16                             )
   ----------------------------)

17

18                   COMPLAINT

19                 INTRODUCTION

20         This is a complaint for damages. Plaintiff Anthony Chrisanthis, hereinafter

21  referred to as Plaintiff, was employed as a respiratory therapist by Defendant Dept. of

22
    Veterans Affairs, et al., hereinafter referred to as Defendants, for approximately
23

24  seventeen years before leaving his position on medical disability. Plaintiff filed

25  complaints with the Equal Employment Opportunity Commission and an appeal of

26  an agency denial of said complaints. Defendants were granted summary judgment

27                            -1-                    Complaint-Chrisanthis v. VA

28



Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

on the appeal and Plaintiff received the final notice of entry of judgment on 10-30-06.

Plaintiff now files his complaint, which includes but is not limited to, wrongful discharge,

discrimination based on sexual orientation, retaliation for whistle-blowing and severe

emotional distress.

## JURISDICTION

This action arises under the Constitution of the United States, Fourteenth

Amendment, Due Process and Equal Protection Clauses, Title VII of the U.S. Code

and the Rehabilitation Act of 1973 and other applicable State of California and Federal

statutes, laws and regulations.

## PARTIES

Plaintiff is a citizen of San Francisco California and a former employee of

Defendants and Defendants R. James Nicholson, Dr. Bryon Cason and Irving Spivey

are the former employer and supervisors of Plaintiff.

## INTRADISTRICT ASSIGNMENT

The Northern District, San Francisco Division of the Federal Court is the proper

venue for this action as all events, complaints, filings and/or omissions which gave

rise to the claims alleged herein occurred in San Francisco, California.

## FACTUAL ALLEGATIONS

1. Prior to 2002 Plaintiff was employed by Defendants at the Veterans Affairs

Center at Fort Miley in San Francisco, CA.

2. Prior to 2002 Plaintiff received excellent personnel reviews from Defendants.

3. During 2002 Defendants began to seek Plaintiff's discharge and actively

-2-

Complaint-Chrisanthis v. VA

harass Plaintiff following Plaintiff's complaint to the Occupational Safety and Health

Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center.

That claim was found valid on 3-12-02 and the unsafe working conditions were

corrected. At that time Plaintiff was a "whistleblower" and Plaintiff's actions were

protected under 5 U.S.C. Sec. 2302(b)(8). Following Plaintiff's OSHA complaint

Defendants made conditions so unbearable for Plaintiff that he was forced to end

his active employment and take a medical discharge.

4. Following Plaintiff's exercise of his legal right to bring unsafe working

conditions for the attention of OSHA, Defendants Dr. Byron Cason and Irving Spivey

began a campaign of harassment and intimidation. Plaintiff was told he should quit,

was singled out for a reprimand, had his medical and personnel records accessed, was

discriminated against because of sexual orientation and was denied necessary equipment

needed for his safety.

5. Plaintiff has suffered extreme emotional distress and physical discomfort as

a result of Defendants course of conduct.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following

relief:

A. General, compensatory and exemplary damages against all Defendants for

ending Plaintiff's career, violating Plaintiff's rights to work in a discrimination-free

and non-hostile workplace and the severe emotional and physical distress caused

Plaintiff. The amount of damages to be determined by the Court and/or jury.

B. Such other orders and further relief, including an award of costs and

-3-                    Complaint-Chrisanthis v. VA

1    attorney fees as the Court deems just and proper.

2                                JURY DEMAND

3          Plaintiff requests a trial by jury.

4

5    Date: 1-24-07          Respectfully Submitted,

6

7

8    _____.

9                     John E. Stringer, Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                -4-                    Complaint-Chrisanthis v. VA

28

# EXHIBIT 3

ORIGINAL FILED

07 JUN 26 PM 3: 26

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-1827
2   259 OAK STREET
3   SAN FRANCISCO, CA 94102
    Attorney for Anthony Chrisanthis
4
                  UNITED STATES DISTRICT COURT
5
                NORTHERN DISTRICT OF CALIFORNIA
6
7                  SAN FRANCISCO DIVISION

8   ANTHONY CHRISANTHIS,              )
9   Plaintiff                        )    CASE NO. C 07 0566 WHA
                                      )
10          v.                        )    COMPLAINT FOR
                                      )    DAMAGES; BIVEN'S
11  R. JAMES NICHOLSON,               )    CLAIM; CIVIL RIGHTS
12  SECRETARY OF VETERANS AFFAIRS,    )    VIOLATION
    DR. BRIAN CASON, IRVING SPIVEY,   )
13  Does 1 to 10.                     )
    Defendants                        )
14  _____   )
15
16                FIRST AMENDED COMPLAINT

17                     INTRODUCTION

18      This is an amended complaint for damages. Plaintiff Anthony Chrisanthis,

19  hereinafter referred to as Plaintiff, was employed as a respiratory therapist

20  by Defendants Dept. of Veterans Affairs, et al., hereinafter referred to as Defendants,

21
22  for approximately seventeen years before leaving his position on medical disability.

23  Plaintiff filed complaints with the Equal Employment Opportunity Commission and

24  an appeal of an agency denial of said complaints. Defendants were granted summary
25
26  judgment on the appeal. Plaintiff has exhausted his administrative remedies. Plaintiff

27  now files this independent complaint, which includes as separate causes of

28  action independent from any agency appeal, but is not limited to, wrongful discharge,

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

discrimination based on sexual orientation, retaliation for whistle-blowing,

negligent and intentional infliction of emotional distress, and conspiracy to deprive

Plaintiff of his civil rights under Title 42, U.S.C. Section 1983.  Plaintiff also asserts

a Bivens Claim and a claim under the Health Insurance Portability and Accountability

Act, Title 42 U.S.C. Section 2000 e (Title VII).

## JURISDICTION

This action arises under the Constitution of the United States, Fourteenth

Amendment, Due Process and Equal Protection Clauses, Title VII of the U.S.

Code, the Rehabilitation Act of 1973, Title 42, U.S.C. Section 1983, Bivens,

the Health Insurance Portability and Accountability Act and other applicable

State of California and Federal statutes, laws and regulations.

## PARTIES

Plaintiff is a citizen of San Francisco, CA and a former employee of the V.A.

and Defendants R. James Nicholson, Dr. Brian Cason and Irving Spivey and Does 1

to 10 inclusive.

## INTRADISTRICT ASSIGNMENT

The Northern District, San Francisco Division of the Federal Court is the proper

venue for this action as to all events, complaints, filings and/or omissions which gave

rise to the claims alleged herein which occurred in San Francisco, CA.

## FACTUAL ALLEGATIONS

1. Prior to 2002 Plaintiff was employed by Defendants at the Veterans Affairs

Center at Fort Miley in San Francisco, CA.

2. Prior to 2002 Plaintiff received excellent personnel reviews from Defendants.

1

2    3. During 2002 Defendants began to seek Plaintiff's discharge and actively harass

3    Plaintiff following Plaintiff's complaint to the Occupational Safety and Health

4    Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center.

5    That claim was found valid on 3-12-02 and the unsafe working conditions were

6    corrected. At that time Plaintiff was a "whistleblower" and Plaintiff's actions were

7    protected under 5 U.S.C. Sec. 2302(b)(8). Following Plaintiff's OSHA complaint

8    Defendants made conditions so unbearable for Plaintiff that he was forced to end

9    his active employment and take a medical discharge. Defendants Cason and Spivey

10   and Does 1 to 10 inclusive acted in concert to violate Plaintiff's civil rights within the

11   meaning of 42 U.S.C. Sec. 1983. As a result of Defendants' actions Plaintiff

12   suffered and continues to suffer from severe emotional distress, both negligently and

13   intentionally inflicted. This emotional distress has caused Plaintiff great pain, mental

14   anguish, shock, humiliation and feelings of helplessness and desperation.

15   4. Following Plaintiff's exercise of his legal right to bring unsafe working

16   conditions to the attention of OSHA, Defendants Cason and Spivey, acting in

17

18   concert within the meaning of Bivens, began a campaign of harassment and

19   intimidation denying Plaintiff his civil rights within the meaning of 42 U.S.C. Sec.

20   1983. Plaintiff was told he should quit, was singled out for reprimand, had his

21   medical and personnel records accessed in violation of the Health and Insurance

22

23   Portability and Accountability Act, was discriminated against because of sexual

24   orientation and was denied necessary equipment needed for his safety.

25

26   5. Plaintiff's complaint is one of a continuing nature.

27

28

1    WHEREFORE, Plaintiff respectfully requests the Court to grant the following

2    relief:

3

4    A. General compensatory and exemplary damages against all Defendants for

5    ending Plaintiff's career, violating Plaintiff's civil rights and right to work in a

6    discrimination-free and non-hostile workplace and the severe emotional and

7    physical distress caused Plaintiff. The amount of damages to be determined by the

8    Court and/or jury.

9

10    B. Such other orders and further relied, including an award of costs and

11    attorney fees as the Court deems just and valid.

12

13                              JURY DEMAND

14    Plaintiff requests a trial by jury.

15

16    Date:  6-25-07              Respectfully Submitted.

17

18    _____.

19                              John E. Stringer, Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. My business address is 259 Oak Street, San Francisco, CA 94102. On the date indicated below, I served the following document(s):

PLAINTIFF'S FIRST AMENDED COMPLAINT

upon the following at the address)es) stated below:

Katherine B. Dowling, Assistant United States Attorney, 450 Golden Gate Avenue, 10th Floor, Box 36055, San Francisco, CA 94102

<u>X</u> **BY MAIL** by depositing true and correct copies in sealed envelopes in the United States Mail in accordance with the usual mailing practice of this firm.

__ **BY PERSONAL SERVICE** in accordance with ordinary business practices during ordinary business hours.

<u>X</u> **BY FAX** at number listed. Said copies were placed for transmission by this firm's facsimile machine transmitting from (415)934-0899 at San Francisco, CA. The record of the transmission was properly issued by the transmitting fax machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on
<u>6-26-07</u>, at San Francisco, CA.

John E. Stringer, Attorney at Law

(415)436-7169

# EXHIBIT 4

JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-0899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Anthony Chrisanthis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br>Plaintiff<br><br>v.<br><br>R. JAMES NICHOLSON,<br>SECRETARY OF VETERANS AFFAIRS,<br>DR. BRIAN CASON, IRVING SPIVEY,<br>Does 1 to 10,<br>Defendants | CASE NO.  C 07 0566 WHA<br><br>PLAINTIFF'S RESPONSE<br>TO DEFENDANTS<br>MOTION TO DISMISS<br><br>Date:   10-4-07<br>Time:  11:00 a.m.<br>Dept:  Ctrm 9, 19 Fl |

Comes now Plaintiff Anthony Chrisanthis to respond to Defendants Motion to

Dismiss, or in the Alternative, for Summary Judgment.

Plaintiff urges this Court not to dismiss this claim but to allow this case to

proceed to trial as this case abounds with triable issues of fact, issues that were pled

in the first complaint and amended complaint with enough specificity and facts to

allow Defendants knowledge of the case and sufficient facts to file an answer.

Through their concerted actions, Defendants have ruined Plaintiff's professional

life and career.  The harm perpetrated by Defendants against Plaintiff is of a

continuing nature and Defendants should be held to answer.

1. Defendants motion addresses three issues.  First, Plaintiff is time barred from

filing a complaint based on Title VII and time barred from bringing a *Bivens* action;

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

-1-

Second, Plaintiff failed to exhaust his administrative remedies with regard to

the additional claims of workplace discrimination, negligent infliction of emotional

distress and HIPAA alleged in his First Amended Complaint;  Third, certain

of Plaintiff's allegations are barred by the exclusive remedy provisions of the

CSRA, FECA and the Whistleblower Protection Act; and Fourth, Plaintiff

failed to state a claim for which relief can be granted under the Constitution,

for violations of the Civil Rights Act under 42 U.S.C. Sec. 1983 and for Plaintiff's

catch all claim of alleged violations of "other applicable State of California and

Federal statutes, laws, and regulations."  Plaintiff will address each of Defendants

contentions in turn.

### Issue One-Timeliness

2. On August 31, 2006, Administrative Judge Jeanne M. L. Player granted

Defendants Motion for Summary Judgment. However, no final order was issued.

The final order specifically indicates (see exhibit A) that any appeal to the Court

must be filed within ninety days of the date the complainant receives the final

action or final decision from the Department or the Commission. Plaintiff has yet

to receive any order from the Department or the Commission. In addition Plaintiff

did not receive any final order from the Office of the Administrative Judge. On

10-26-06 Plaintiff's attorney requested  a copy of the final order, if it had been

issued, from Defendant's attorney. That order was sent, but only received by

Plaintiff's attorney in November of 2006. Defendants attorney is not a proper

representative of the EEOC, and is not authorized to act for the EEOC. In

addition, Defendants attorney cannot contact a represented party without the

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

-2-

1

2    permission of the attorney of record. Thus any communication to Plaintiff

3    without notification to Plaintiff's attorney is a violation of the California Rules of

4    Professional Conduct. Defendants attorney never personally served either

5    Plaintiff or Plaintiff's attorney with a final order. Since I am a solo practitioner

6    I have no secretary and rent office space from another attorney. Sending

7    certified letters to my office may or may not be received by me and in this case

8    were not. My client suffers from severe emotional distress and cannot bear to

9    open any mail or correspondence from Defendants. Defendants know this

10

11   because my client is on disability leave, but yet they send him a notice knowing

12   it will not be opened. In any event, a letter from an opposing attorney does not

13   constitute service. Thus Plaintiff's filing of the original complaint on 1-26-07

14   is not time barred since Plaintiff never officially received a final order from the

15

16   Commission and the notification from Defendants attorney was not received by

17   Plaintiff's attorney until November of 2007 (the time Plaintiff's attorney actually

18   discovered the letter was in the office). Thus this contention by Defendants is

19   clearly without merit and Plaintiff's case should be allowed to proceed. As to

20

21   the *Bivens* allegation, the underlying basis for this cause of action is the emotional

22   distress caused to Plaintiff. The California Code of Civil Procedure Section 335.1

23   allows for a two year period to bring a cause of action for emotional distress.

24

25   However it is well established that the statute of limitations does not begin to run

26   until the effect of the Defendant's conduct results in severe emotional distress.

27   *Holiday v. Jones* (1989) 215 Cal. App. 3d 102, 120, 264 Cal. Rptr. 448, 459.

28

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

-3-

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

In addition, Plaintiff asserts that the cause of action for emotional distress is of an ongoing nature and this claim is not time-barred since the conspiracy action of Defendants to deprive Plaintiff of his civil rights, i.e., his right to be employed in a discrimination-free environment resulted in the severe emotional distress. No statute of limitations is applicable on an ongoing civil rights claim, especially a claim that is derived from the Fourteenth Amendment of the U.S. Constitution.

Issue Two-Exhaustion of Administrative Remedies

3. Each and every issue alleged in Plaintiff's original and amended complaints was litigated during the EEOC administrative process and adjudicated by the EEOC Administrative Judge. Either directly or by inference all issues were presented. For instance, Plaintiff always alleged emotional distress (that was what he is on disability leave for) and the improper use of his personal medical records. (see Exhibit B, Plaintiff's Response to Motion for Summary Judgment). The Administrative Judge denied all claims and then an order issued from The Dept. of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication indicating a right of appeal to the Court. Nothing could be plainer, your administrative complaint has been denied, if you don't like it, go to Court. That is precisely what Plaintiff has done. Thus Defendants contention is without merit.

Issue Three-Plaintiff's Claims Barred by the CSRA, FECA and the Whistleblower Protection Act

4. As discussed above, each and every one of Plaintiff's claims was raised and

1   adjudicated during the administrative process. As an example, the

2   incident which began the case was Plaintiff's complaint with OSHA

3

4   alleging unsafe working conditions. This is the catalyst that began

5   Defendants campaign to deprive Plaintiff of his employment. Under

6   the California Fair Employment and Housing Act and California

7   Government Code Section 12940 et seq, Plaintiff is entitled to be

8

9   employed in a hostile-free environment. Thus Plaintiff is entitled to

10  bring all claims alleged in the original and first amended complaints and

11  Defendants contention is without merit.

12                      Issue Four-Constitutional Violations

13

14          5. As discussed above, Plaintiff has been deprived of his livelihood

15  by Defendants concerted actions to drive him from his chosen profession.

16  Clearly Defendants actions are a violation of Plaintiff's civil right to

17  a discrimination free, nonhostile work environment, a work environment

18

19  where supervisors will not penalize an employee for bring unsafe working

20  conditions to the attention of authorities. Violating these established rights

21  is clearly violating Plaintiff's civil rights, especially where supervisors act in

22  concert to terminate Plaintiff. Defendants actions are actionable under 42

23

24  U.S.C. Section 1983 and thus Defendants contentions are without merit.

25                              Summation

26          6. Plaintiff's case is easily stated. Defendants caused Plaintiff severe

27  emotional distress when they sought Plaintiff's discharge after he exercised

28  his lawful right to report unsafe working conditions. Defendants engaged in

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

-5-

conduct specifically designed to deprive Plaintiff of his civil rights.

This outrageous conduct should not be condoned. In the interests of

justice Plaintiff's case should be allowed to proceed to trial on the

merits as Plaintiff has demonstrated triable issues of fact as to all

causes of action.

Date: 9-13-07                    Respectfully Submitted,

_____

John E. Stringer, Attorney for Plaintiff

**Law Office of John E. Stringer**
Office-259 Oak Street
San Francisco, CA 94102
Phone (415)934-1827
Fax (415)934-0899
Email: nolojes@aol.com

# EXHIBIT A

# LAW OFFICE OF JOHN E. STRINGER

259 Oak Street
San Francisco, CA 94102
(415)934-1827
(415)934-0899, FAX
nolojes@aol.com
..................................................................

10-20-06 (sent via FAX only)

Joseph P. Hart
Staff Attorney
Dept. of Veterans Affairs
San Francisco, CA 94121

Re:  Anthony Chrisanthis, EEOC Case No. 550-2006-00057X

Dear Mr. Hart:

I have yet to receive a final order in the above-referenced case.

Since my client will appeal the summary judgment decision, a final order is
necessary.

Please fax me a copy of the order if the order has been submitted and signed by
the Court.

Thank you for your assistance.

Sincerely,

John E. Stringer

Cc:  Judge Jeanne M. L. Player



**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Regional Counsel**
**4150 Clement Street, Building 210**
**San Francisco, CA 94121**
**TEL (415) 750-2288**
**FAX (415) 750-2255**

October 23, 2006

John E. Stringer, Esq.
LAW OFFICES OF JOHN E. STRINGER
259 Oak Street
San Francisco, CA 94121

**RE:** *Chrisanthis v. Nicholson, Secretary, Department of Veterans Affairs,* EEO Case
Number 550-2006-00057X Agency Case No.: 200P-0662-2005100110

Dear Mr. Stringer:

Enclosed please find a courtesy copy of the Final Agency Decision in the above
referenced matter.

Sincerely,

Joseph P. Hart
Agency Representative
cc: Anthony Chrisanthis

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

SEP 2 1 2006

**TRANSMITTAL OF FINAL AGENCY DECISION OR ORDER**

**TO:**     The Parties
            Representatives of the Parties (if applicable)
            ORM Field Office
            EEOC Administrative Judge

**SUBJ:**   Final Order

            Complainant:                    Anthony Chrisanthis
            Agency No(s).:                  200P-0662-2005100110
            EEOC No(s): (if applicable):    550-2006-00057X

Enclosed is the Department's Final Order concerning the above-referenced complaint(s) of employment discrimination.

The Final Order includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant and, if applicable, the complainant's representative, includes EEOC Form 573 for use should the complainant wish to appeal the enclosed Final Order.

The transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

*Charles R. Delobe*

Charles R. Delobe
Director

Enclosure(s)

## DEPARTMENT OF VETERANS AFFAIRS
### OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

| | |
|---|---|
| Anthony Chrisanthis | ) |
| *Complainant,* | ) |
| *v.* | ) VA Case No. 200P-0662-2005100110 |
| Secretary,<br>**Department of Veterans Affairs** | ) EEOC Case No. 550-2006-00057X |
| *Agency.* | ) |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the complainant may appeal or file a civil action as set forth below.

### RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of the General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of the General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of the General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **R. James Nicholson** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The**

**grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date the complainant receives the final action or final decision from the Department or the Commission.


_Charles R. Delobe_                    $9-21-06$
CHARLES R. DELOBE                              Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment: EEOC Form 573



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Francisco District Office

350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Phone: (415) 625-5641
Fax: (415) 625-5644

August 31, 2006


Office of Employment Discrimination
  Complaint Adjudication (OOD)
Department of Veterans Affairs
810 Vermont Avenue, NW, Room 275
Washington, D.C.  20420

RE:  <u>Anthony Chrisanthis v. Sec'y, Dept. of Veterans Affairs</u>
     EEOC No.  550-2006-00057X
     Agency No.  200P-0662-2005100110

Dear Director:

     Enclosed is my Decision, with attachments, granting summary
judgement to the agency in the above-referenced case.  I request
that you send me a copy of your final order.

     Please contact me at the phone or fax number indicated above
if you have any questions.

                          Sincerely,

                          Jeanne M L Play

                          Jeanne M. L. Player
                          Administrative Judge


Enclosures

cc Decision w/enclosures:

Anthony Crisanthis
John E. Stringer
Joseph P. Hart

cc letter only:

Monte F. Montesanto, Regional EEO Officer
Office of Resolution Management
Western Operations-Vancouver Division
1601 E. 4th Plain Blvd., Bldg. A6
Vancouver, WA 98661

**Law Office of John E. Stringer**

Office-259 Oak Street
San Francisco, CA 94102
Phone (415)934-1827
Fax (415)934-0899
Email: nolojes@aol.com

# EXHIBIT B

JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-0899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Anthony G. Chrisanthis

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### SAN FRANCISCO DISTRICT OFFICE

| | |
|---|---|
| ANTHONY G. CHRISANTHIS,     ) | **EEOC CASE NO. 00057X** |
| Complainant                 ) | |
|                             ) | RESPONSE TO MOTION |
| v.                          ) | FOR SUMMARY JUDGMENT |
|                             ) | |
| R. JAMES NICHOLSON,         ) | |
| SECRETARY, DEPARTMENT of    ) | |
| VETERANS AFFAIRS,           ) | |
| Respondent                  ) | |

Complainant Anthony G. Chrisanthis responds to the Respondent's Motion for

Summary Judgment as follows:

1.  Respondent's motion is dilatory and without merit.  Respondent knows

triable issues of fact are present in this case but throughout this process and the

previous process continues to obstruct the advance of this case to a full hearing

on the merits.

2.  Complainant incorporates by reference all previous filings, documents and

legal papers that reference this claim.

3.  Complainant's principle claims allege constructive discharge, workplace

harassment and intentional and negligent infliction of emotional distress.  Complainant

was employed by the Respondent for many years prior to the case at bar and

received excellent employee reviews during this tenure.  Respondent began

to seek Complainant's discharge and actively harass Complainant following

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

1

2      Complainant's complaint to OSHA of unsafe and dangerous working conditions

3      at the Veterans Affairs fort Miley Hospital facility.  That claim was found valid on

4      3-12-02 and the unsafe working conditions were corrected.  (See Exhibit A).

5      At that time Complainant was a "whistleblower" and Complainant's actions were

6      protected under 5 U.S.C. Sec. 2302(b)(8).  Following Complainant's OSHA

7      complaint the Veterans Administration made conditions so unbearable for

8      Complainant that he was forced to end his employment and take a medical

9      discharge.  See Fruhauf Southeast Garment Co. v. United States, 111 F. Supp. 945,

10     951 (Ct. Cl. 1953).

11

12         4.  Following Complainant's exercise of his legal right to bring unsafe working

13     conditions to the attention of OSHA, the Respondent began a campaign of harassment

14     and intimidation.  (See Exhibit B-Complainant's Statement Under Oath of 4-6-05).

15     Complainant was told he should quit, singled out for a reprimand, had his medical and

16     personnel records accessed and was denied necessary equipment needed for his safety.

17         5.  The details of the various grievances, their investigation and the statements of

18     Complainant and other witnesses are detailed in Exhibit C.  Mr. Spivey and Dr. Cason

19     (Complainants superiors) at one point denied Complainant the use of latex gloves.  A

20     witness "Tony" stated "I think Spivey and Dr. Cason did not want Tony to use them

21     because of his sexual orientation."  There is no question Dr. Cason accessed

22     Complainant's medical files.  The motive for Dr. Cason in obtaining this information,

23     information he was not entitled to, can only be intimidation and harassment.

24         6.  The evidence submitted clearly shows a "course of conduct" calculated to

1   pressure Complainant into resignation, and constitutes a triable issue of fact that

2

3   cannot be dismissed on Summary Judgment.

4      7. Complainant respectfully prays that Respondent's Motion for Summary

5   Judgment be denied and that this complaint be allowed to proceed to hearing

6   or trial. The issues are clearly contested and triable. Respondent has falsely

7

8   accused Complaint of endangering a patient at the Veterans Administration

9   Hospital. This accusation is false and is another example of the harassment

10   Complaint was forced to bear. Even Respondent's own brief admits that Dr. Cason

11   accessed Complainant's medical records. This act in itself clearly demonstrates

12   harassment and intimidation that ultimately led to constructive discharge. The

13   triable issues of fact are clearly outlined and this case should go to trial.

14

15   Date: 8-25-06      Respectfully Submitted,

16

17

18          John E. Stringer, Attorney for Complainant

19

20

21

22

23

24

25

26

27

28

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415)934-1827

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. My business address is 259 Oak Street, San Francisco, CA 94102. On the date indicated below, I served the following document(s):

Plaintiff's Response to Defendants Motion to Dismiss, et al.

upon the following at the address)es) stated below:

Katherine B. Dowling, Assistant United States Attorney via electronic filing

__BY MAIL by depositing true and correct copies in sealed envelopes in the United States Mail in accordance with the usual mailing practice of this firm.

X
__BY PERSONAL SERVICE in accordance with ordinary business practices during ordinary business hours.    Katherine.Dowling@usdoj.gov

__BY FAX at number listed. Said copies were placed for transmission by this firm's facsimile machine transmitting from (415)934-0899 at San Francisco, CA. The record of the transmission was properly issued by the transmitting fax machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on ____9-15-07_____, at San Francisco, CA.

_____
John E. Stringer, Attorney at Law

# EXHIBIT 5

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   ANTHONY CHRISANTHIS,                      No. C 07-00566 WHA
11              Plaintiff,
12      v.                                      **ORDER GRANTING
                                                DEFENDANTS' MOTION TO
13   R. JAMES NICHOLSON, SECRETARY OF           DISMISS WITHOUT LEAVE TO
     VETERANS AFFAIRS, DEPARTMENT OF            AMEND AND VACATING
14   VETERANS AFFAIRS, DR. BRYAN                HEARING**
     CASON, IRVING SPIVEY, and DOES 1 TO
15   10,
16              Defendants.
17   _____/
18                        **INTRODUCTION**
19        Plaintiff Anthony Chrisanthis seeks damages from defendants James Nicholson,
20   Brian Cason, and Irving Spivey for allegedly "ending Plaintiff's career" after plaintiff
21   complained about dangerous conditions in his place of federal employment.  Defendants move
22   to dismiss plaintiff's complaint on numerous grounds.  This order holds that: (1) plaintiff's
23   claim of wrongful discharge is dismissed because the federal employment relationship is
24   governed by federal law, not state law regarding "wrongful discharge"; (2) plaintiff's claim of
25   sexual discrimination under Title VII is dismissed because sexual orientation is not a protected
26   category; (3) plaintiff's claim of deprivation of constitutional rights under 42 U.S.C. 1983 is
27   dismissed because the defendants are all federal actors rather than state actors; (4) plaintiff's
28   *Bivens* claim is dismissed because the relevant statute of limitations had expired before

*United States District Court*
For the Northern District of California

1  commencement of suit; (5) plaintiff's claim of retaliation for whistleblowing under the

2  Civil Service Reform Act is dismissed because he failed to pursue the necessary administrative

3  remedies; (6) plaintiff's tort claims are dismissed because he failed to named the United States

4  as a defendant and the CSRA precludes Federal Tort Claims Act actions; and (7) plaintiff's

5  claim under HIPAA is dismissed because there were insufficient facts alleged under a

6  cognizable legal theory and HIPAA does not provide a private cause of action.  Defendant's

7  motion to dismiss is hereby **GRANTED**.  Seeing that no further arguments are necessary, the

8  hearing is hereby **VACATED**.

9                                          **STATEMENT**

10      Plaintiff Anthony Chrisanthis was employed as a respiratory therapist at the

11  Veterans Administration at Fort Miley in San Francisco (Amd. Compl. at 2).  He made a

12  complaint to the Occupational Safety and Health Administration concerning unsafe conditions

13  at Fort Miley.  The claim was found valid on March 12, 2002, and the unsafe working

14  conditions were corrected.  Plaintiff alleged that, beginning in 2002, employees

15  Dr. Byron Cason and Irving Spivey sought his discharge and actively harassed him following

16  the complaint made to the OSHA.  "Plaintiff was told he should quit, was singled out for

17  reprimand, had his medical and personnel records accessed in violation of the Health and

18  Insurance Portability and Accountability Act, was discriminated against because of sexual

19  orientation and was denied necessary equipment needed for his safety."  Plaintiff further alleged

20  that defendants made conditions so unbearable that he resigned in 2002 (*id.* at 2–3).

21      Plaintiff filed an initial complaint on January 26, 2007 (Compl. at 1).  On May 11, 2007,

22  defendant filed a motion to dismiss, or in the alternative, for summary judgment.  After plaintiff

23  failed to file an opposition, he informed the Court that an amended complaint would be

24  forthcoming.  The Court granted defendant's motion on June 26, 2007.  Plaintiff filed his

25  amended complaint that same day.  In his amended complaint, plaintiff alleged the following

26  causes of action: (1) wrongful discharge, (2) discrimination based on sexual orientation,

27  (3) retaliation for whistleblowing under 5 U.S.C. 2302(b)(8), (4) negligent and intentional

28
                                              2

United States District Court
For the Northern District of California

1    infliction of emotional distress, (5) conspiracy to deprive plaintiff of his constitutional rights

2    under 42 U.S.C. 1983, (6) a *Bivens* claim against Mr. Cason and Mr. Spivey; and (7) a claim

3    under the Health Insurance Portability and Accountability Act (Amd. Comp. at 1–2).

### ANALYSIS

5    A district court may properly dismiss a complaint under Rule 12(b)(1) for lack of

6    subject-matter jurisdiction. Alternatively, a motion to dismiss under Rule 12(b)(6) will be

7    granted if the pleadings fail to state a claim upon which relief can be granted. Thus, dismissal

8    under Rule 12( b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the

9    absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

10   *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

11   When reviewing a complaint under Rule 12(b)(6), courts should accept all allegations

12   as true and construe those facts in the light most favorable to the plaintiff. *Clegg v. Cult*

13   *Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). But courts need not accept as true

14   unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations in the

15   form of factual allegations. When ruling on a motion to dismiss, courts may consider the

16   complaint and documents appended to the complaint. Furthermore, courts may take judicial

17   notice of matters of public record outside the pleadings without converting the motion to

18   dismiss into one for summary judgment. *MGIC Idem. Corp. v. Weisan*, 803 F.2d 500, 504

19   (9th Cir. 1986).

20   **1.    PLAINTIFF'S CLAIM OF WRONGFUL DISCHARGE.**

21   Plaintiff claims that he was wrongfully discharged from his employment at the

22   Department of Veterans Affairs (Compl. at 1–2). Wrongful discharge is a state claim,

23   not a federal claim, which is required in federal court. Most importantly, the employment

24   relationship at federal agencies is governed by federal law, not state law concerning "wrongful

25   discharge." *See Rains v. Criterion System, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) ("It is state,

26   not federal, law that creates the cause of action for wrongful discharge in violation of public

27   policy. The direct and indirect references to Title VII in [that state law cause of action] do not

28

*United States District Court*
*For the Northern District of California*

3

United States District Court

For the Northern District of California

1    make [that claim] into a federal cause[] of action") (internal citations omitted). At all events,

2    even the state claim version of this could be heard in federal court only if there were proper

3    supplemental jurisdiction; the state claim must be transactionally related to a proper federal

4    claim. 28 U.S.C. 1367. For the reasons stated below, plaintiff did not allege any proper federal

5    claims.

6        **2.    PLAINTIFF'S CLAIM OF DISCRIMINATION BASED ON
           SEXUAL ORIENTATION.**

7

8        Plaintiff claims that defendants discriminated against him because of his sexual

9    orientation. Title VII does not cover discrimination based on sexual orientation. Protected

10   groups are based on an individual's race, color, religion, sex, or national origin.

11   42 U.S.C. 2000e *et seq.* Plaintiff does not rely on a cognizable legal theory, so his Title VII

12   claim of discrimination based on sexual orientation must be dismissed.

13       **3.    PLAINTIFF'S CLAIM OF CONSPIRACY TO DEPRIVE PLAINTIFF OF
           HIS CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983.**

14       Section 1983 provides a remedy for the deprivation of constitutional rights by persons

15   acting under color of *state* law – *i.e., state* actors. Here, Dr. Cason and Spivey worked for the

16   Department of Veteran Affairs, a federal agency. Defendants were *federal* actors who were

17   beyond the reach of Section 1983. Plaintiff's Section 1983 claims must be dismissed for failure

18   to state a claim upon which relief can be granted.

19       **4.    PLAINTIFF'S *BIVENS* CLAIM.**

20       The applicable statute of limitations in *Bivens* actions is determined by a state's personal

21   injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Before January 1, 2003,

22   California's personal-injury statute stated a personal injury claim must be filed within one year

23   of accrual, which is governed by federal law. *Degrassi v. City of Glendora*, 207 F.3d 636, 644

24   (9th Cir. 2000) (applying Cal. Code Civ. Proc. 340). According to *Western Ctr. for Journalism*

25   *v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000), a "*Bivens* claim accrues when the plaintiff

26   knows or has reason to know of the injury." Starting January 1, 2003, the statute increased the

27   statute of limitations to two years. Cal. Code of Civil Proc. 335.1. This increased statute of

28

4

United States District Court
For the Northern District of California

1    limitations only applied retroactively to victims of the September 11th terrorist attacks.

2    *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

3    Plaintiff wanted to file *Bivens* claims against Mr. Cason and Mr. Spivey. His amended

4    complaint alleged that "[d]uring 2002 Defendants began to seek Plaintiff's discharge and

5    actively harass Plaintiff following Plaintiff's complaint to the Occupational Safety and Health

6    Administration (OSHA) of unsafe and dangerous conditions at the Fort Miley Center."

7    He further alleged that, "[f]ollowing Plaintiff's exercise of his legal right to bring unsafe

8    working conditions to the attention of OSHA, Defendants Cason and Spivey, acting in concert

9    within the meaning of *Bivens*, began a campaign of harassment and intimidating denying

10    Plaintiff his civil rights.\" (Amd. Compl. at 3).

11    Given that the allegedly harassing behavior began after plaintiff's OSHA complaint in

12    2002, plaintiff either knew or had reason to know of his injury in 2002. Whether or not the two-

13    year statute of limitations applied, plaintiff failed to file the action within the statute of

14    limitations. Plaintiff filed his *Bivens* action in 2007, about five years after the time his *Bivens*

15    claim accrued. Where the facts and dates alleged in the complaint indicate that the claim is

16    time-barred by the statute of limitation, a motion to dismiss for failure to state a claim lies.

17    *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The Court finds that plaintiff's

18    *Bivens* claims are time-barred and can therefore be dismissed for failure to state a claim.

19    **5.    PLAINTIFF'S CLAIM OF RETALIATION FOR WHISTLEBLOWING.**

20    Plaintiff claims retaliation for whistleblowing under the Civil Service Reform Act,

21    5 U.S.C. 2302(b)(8). After he made a complaint to OSHA regarding unsafe and dangerous

22    conditions at the Fort Miley Center, defendants allegedly retaliated against him, making the

23    workplace environment so unpleasant that he eventually resigned. Constructive discharge

24    constitutes a covered "personnel action" covered by the CSRA. 5 U.S.C. 2302(2)(A)(iii),

25    (ix), (xi) ("personnel action" includes "disciplinary or corrective action," "a decision

26    concerning pay, benefits, or awards," or "any other significant change in duties, responsibilities,

27    or working conditions"). "*Prohibited* personnel practices" include the taking of a personnel

28

1  action that violates merit system principles.  5 U.S.C. 2302(b)(11).  Merit system principles

2  require that "[a]ll employees and applicants for employment should receive fair and equitable

3  treatment in all aspects of personnel management without regard to political affiliation, race,

4  color, religion, national origin, sex, marital status, age, or handicapping condition, and with

5  proper regard for their privacy and constitutional rights."  5 U.S.C. 2301(b)(2).  Here, plaintiff

6  claims that he was subject to such prohibited personnel practices, but he failed to seek the

7  proper administrative remedies.

8  Where the CSRA applies, there are only administrative remedies and no private causes

9  of action.  *See Bush v. Lucas*, 462 U.S. 367, 389 (1983) (holding that, given the government's

10  comprehensive scheme protecting civil servants against arbitrary action by supervisors which

11  provides meaningful remedies for employees who may have been unfairly disciplined for

12  making critical comments about their agencies, history of development of civil service remedies

13  and comprehensive nature of remedies currently available, court would not augment that

14  remedial system by creating a new judicial remedy for federal employee who was demoted for

15  exercising his First Amendment rights).  Because plaintiff's allegation of retaliation for

16  whistleblowing fell within the ambit of the CSRA, he should have pursued the proper

17  administrative remedies.  Plaintiff should have filed a direct appeal to the Merit System

18  Protection Board for his constructive discharge claim, which he failed to do.  5 U.S.C. 1214.

19  *See also Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (describing administrative

20  appeal process under the CSRA).  The Court dismisses plaintiff's CSRA claims because no

21  relief can be given.

22        **6.  PLAINTIFF'S CLAIM OF NEGLIGENT AND INTENTIONAL INFLICTION
         OF EMOTIONAL DISTRESS.**

23

24  Plaintiff claims, "Following Plaintffs' OSHA complaint Defendants made conditions so

25  unbearable for Plaintiff that he was forced to end his active employment and take a medical

26  discharge . . . As a result of Defendants' actions Plaintiff suffered and continues to suffer from

27  severe emotional distress, both negligently and intentionally inflicted."  The only way an

28  individual can sue the federal government for a tort is to do so under the Federal Tort Claims

Act.  "[An] FTCA action against the Government [is] the exclusive remedy for torts committed

1  by Government employees in the scope of their employment." *United States v. Smith*,

2  499 U.S. 160, 163 (1991). In the instant case, plaintiff's FTCA claim fails.

3      First, plaintiff only names James Nicholson, Brian Cason, and Irving Spivey on the

4  complaint. In order to file a proper claim under the FTCA, plaintiff would have to name the

5  United States as a defendant. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078

6  (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA

7  action, the district court correctly dismissed her complaint as improperly filed against the

8  Postal Service and [the Postmaster General]. The FTCA is the exclusive remedy for tort actions

9  against a federal agency, and this is so despite the statutory authority of any agency to sue or be

10  sued in its own name. A claim against the United States Postal Service in its own name is not a

11  claim against the United States. Because the plaintiff brought an FTCA action against a person

12  and entity not subject to the FTCA, the district court properly dismissed the named

13  defendants").

14      Second, even if plaintiff were to properly name the United States as a defendant, his

15  FTCA claim would still be flawed. As discussed earlier, the CSRA applies to plaintiff's claims

16  of constructive discharge and retaliation. His alleged emotional distress resulted from this

17  conduct and therefore fell under the CSRA. The CSRA precludes claims under the FTCA.

18  *Orsay v. United States Dept. of Justice*, 289 F.3d 1125, 1131–32 (9th Cir. 2002) ("Appellants'

19  allegation that [the supervisor] received inappropriately light discipline due to his friendship

20  with the employees issuing the discipline is therefore a 'prohibited personnel practice' under the

21  CSRA. Consequently, the CSRA preempts Appellants' FTCA claims regarding the purported

22  inadequacy of [the supervisor's] punishment"). Because they fail to state a claim upon which

23  relief can be granted, plaintiff's tort claims of negligent infliction of emotional distress and

24  intentional infliction of emotional distress must be dismissed.

25      7.   **PLAINTIFF'S CLAIM UNDER HIPAA.**

26      Plaintiff claims defendants accessed his medical and personnel records in violation of

27  the Health Insurance Portability and Accountability Act. Nothing more is explained in the

28  complaint. The claim is too vague and ambiguous for the Court to hazard how defendants

7

1  inappropriately accessed plaintiff's records in violation of HIPAA.  There is an absence of

2  sufficient facts alleged under a cognizable legal theory.  Assuming *arguendo* that plaintiff

3  provided a more definite statement with respect to the improper conduct, he would still have

4  failed to state a claim upon which the Court could grant relief because HIPAA does not provide

5  a private cause of action. *See Webb v. Smart Document Solutions, LLC.,* 2007 WL 2410179,

6  *3 (9th Cir. 2007) (Paez, J.) ("Had [defendant] removed this case to federal court on the basis of

7  federal question jurisdiction under § 1331, the lack of a private right of action to enforce

8  HIPAA may have foreclosed Plaintiffs' [state] claim").  Plaintiff's claim under HIPAA must be

9  dismissed.

## CONCLUSION

11      For the foregoing reasons, plaintiff's complaint is **DISMISSED**.  Further leave to amend is

12  denied as futile.  Seeing that there are no more arguments to be made, the hearing is hereby

13  **VACATED**.

14      **IT IS SO ORDERED.**

16  Dated: September 25, 2007.                    _____

17                                               WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8

# EXHIBIT 6

United States District Court
For the Northern District of California

1

2

3

4

5

6    IN THE UNITED STATES DISTRICT COURT

7    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ANTHONY CHRISANTHIS,                              No. C 07-00566 WHA

11        Plaintiff,

12   v.                                               **JUDGMENT**

13   R. JAMES NICHOLSON, SECRETARY OF
     VETERANS AFFAIRS, DEPARTMENT OF
14   VETERANS AFFAIRS, DR. BRYAN CASON,
     IRVING SPIVEY, and DOES 1 TO 10,
15
          Defendants.
16   _____/

17        For the reasons stated in the accompanying order dismissing this action, FINAL

18   JUDGMENT IS HEREBY ENTERED in favor of defendants and against plaintiff.  The Clerk

19   SHALL CLOSE THE FILE.

20

21        **IT IS SO ORDERED.**

22

23   Dated: September 25, 2007.

24                                          WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE
25

26

27

28