1
2
3
4
5
6                           IN THE UNITED STATES DISTRICT COURT

7                           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   ANTHONY CHRISANTHIS,                        No. C 08-02472 WHA

11              Plaintiff,

12     v.                                        **ORDER GRANTING**
                                                 **DEFENDANTS' REQUEST**
13   UNITED STATES OF AMERICA,                   **FOR JUDICIAL NOTICE**
     DR. BRIAN CASON, IRVING SPIVEY,             **AND MOTION TO DISMISS**
14   and DOES 1 to 10,                           **WITHOUT LEAVE TO AMEND**

15              Defendants.

16   _____/

17                                  **INTRODUCTION**

18          In this employment dispute, plaintiff Anthony Chrisanthis seeks damages from

19   defendants the United States of America, Dr. Brian Cason, and Irving Spivey for allegedly

20   ending his career after he complained of dangerous conditions in his place of federal

21   employment.  This is plaintiff's second lawsuit against his former supervisors Dr. Cason

22   and Mr. Spivey.  Defendants request judicial notice of the proceedings and documents in the

23   prior suit.  Defendants move to dismiss the current suit on various grounds including claim

24   preclusion and failure to state a claim upon which relief can be granted or, in the alternative,

25   for summary judgment.  Because this order finds that the documents publicly filed in the prior

26   suit are proper subjects of judicial notice, defendants' request for judicial notice as to those

27   documents is **GRANTED**.  Because this order finds that plaintiff has failed to state a claim upon

28   which relief can be granted, defendants' motion to dismiss is **GRANTED**.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**STATEMENT**

Plaintiff is a former employee of the United States Department of Veterans Affairs Medical Center at Fort Miley in San Francisco.  His employment at the Fort Miley Center ended in 2002.  Earlier that year, a claim plaintiff had filed with the United States Occupational Safety and Health Administration concerning unsafe conditions at the Fort Miley Center had been found valid and the conditions corrected.  Plaintiff maintains that, thereafter, his supervisors Dr. Cason and Mr. Spivey began to actively harass him and seek his discharge.  He alleges they made conditions so unbearable that he was forced to end his active employment and take a medical discharge.

In January 2007, plaintiff filed his first suit against Dr. Cason and Mr. Spivey; he also named as defendants the Secretary of the Department of Veterans Affairs and ten Does.  *Anthony Chrisanthis v. R. James Nicholson, et al.*, 2007 WL 2782860 (N.D. Cal.) ("*Chrisanthis I*").  On May 11, the defendants filed a motion to dismiss, or in the alternative, for summary judgment.  After plaintiff failed to file an opposition, he stated that an amended complaint would be forthcoming.  On June 26, plaintiff filed his amended complaint alleging seven claims.  On September 25, the claims were ordered dismissed, leave to amend was denied as futile, and a final judgment was entered in favor of defendants on the following grounds:  (i) plaintiff's claim for wrongful discharge was dismissed because the federal employment relationship was governed by federal law, not state law regarding wrongful discharge; (ii) plaintiff's claim of sexual discrimination under Title VII was dismissed because sexual orientation was not a protected category; (iii) plaintiff's claim of deprivation of constitutional rights under 42 U.S.C. 1983 was dismissed because the defendants were federal, not state, actors; (iv) plaintiff's Bivens claim was dismissed because the relevant statute of limitations had expired before commencement of suit; (v) plaintiff's claim of retaliation for whistleblowing under the Civil Service Reform Act ("CSRA") was dismissed because he failed to pursue the necessary administrative remedies; (vi) plaintiff's tort claims were dismissed because he failed to name the United States as a defendant and, equally fatal, the CSRA precluded Federal Tort Claims Act ("FTCA") actions; and (vii) plaintiff's claim under the Health Insurance Portability

2

United States District Court

For the Northern District of California

1   and Accountability Act was dismissed because there were insufficient facts alleged under a

2   cognizable legal theory and, in any event, the statute did not provide a private cause of action.

3        Plaintiff did not appeal.  Instead, in January 2008 plaintiff filed the instant action in state

4   court, again naming Dr. Cason and Mr. Spivey.  On May 14, defendants removed this action to

5   the Northern District of California.  On June 6, the two suits were found related.  On August 4,

6   defendants requested judicial notice of the proceedings and documents filed in *Chrisanthis I* and

7   moved to dismiss the instant action on various grounds including claim preclusion and failure to

8   state a claim upon which relief can be granted or, in the alternative, for summary judgment.

9   Plaintiff's opposition was due August 21.  Plaintiff submitted no opposition.  On August 22,

10  defendants filed a reply and notice of non-receipt of opposition.  On August 25, plaintiff

11  requested leave until September 2 to file a late opposition.  On August 28, plaintiff's request

12  was granted.  Instead of filing an opposition on September 2, plaintiff filed a First Amended

13  Complaint, adding as defendants the United States and ten Does.

14       Plaintiff's First Amended Complaint contains five paragraphs of factual allegations

15  before stating a claim for relief.  The principal difference in factual allegations between this

16  action and *Chrisanthis I* is that, whereas plaintiff previously claimed he was forced to quit his

17  job he now alleges he voluntarily left in reliance on the false promise that he would be rehired.

18  He continues to maintain that Dr. Cason and Mr. Spivey committed the alleged wrongs in

19  retaliation for his OSHA complaint.  He contends he should be afforded relief under

20  Section 1983, the FTCA, and various provisions of the United States Constitution.

21       Because plaintiff filed the First Amended Complaint pursuant to Rule 15(a)(1)(A),

22  the briefing schedule and hearing date for defendants' motion to dismiss were re-set.

23  On September 11, defendants noticed a renewed motion to dismiss.  On September 17, plaintiff

24  filed a request for a continuance of the new hearing on the ground that plaintiff's counsel had

25  been assigned prisoner cases by the State of California, which presented a scheduling conflict.

26  Continuance was granted and the hearing was rescheduled for October 30.  Plaintiff's

27  opposition was due October 9.  Plaintiff failed to submit a timely opposition.  On October 10,

28  defendants filed a notice of non-receipt of opposition and requested dismissal of the case on the

3

grounds that, *inter alia*, the motion was unopposed and plaintiff had failed to prosecute his case. Later that day, plaintiff filed his opposition.  An order to show cause for the late response was issued.  Plaintiff responded to the order to show cause, indicating the delay was a result of a calendaring error.  Due to the calendaring error, defendants were put in the untenable position of being uncertain as to the status of plaintiff's opposition and the need for a reply brief. The hearing was rescheduled for November 6 and defendants were given until October 30 to file a reply.  On October 30, defendants filed a reply.  On November 6, a hearing was held and the parties were heard.

### ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1255, 1264–65 (2007).

**1.   JUDICIAL NOTICE.**

Defendants request judicial notice of the proceedings and documents filed in *Chrisanthis I*.  Although materials outside of the pleadings ordinarily are not considered on a motion to dismiss, a court may consider matters properly subject to judicial notice.  *See Adibi v. Cal. State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1003 (N.D. Cal. 2005).  A court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  When adjudicating a motion to dismiss, a court may take judicial notice of public filings.  *In re Calpine Sec. Litig*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003).  It does not, thereby, convert the motion to dismiss into one for summary judgment.  *MGIC Idem. Corp. v.*

United States District Court
For the Northern District of California

4

1   *Weisan*, 803 F.2d 500, 504 (9th Cir. 1986).  Accordingly, documents publicly filed in

2   *Chrisanthis I* are the proper subjects of judicial notice and will be considered in the disposition

3   of this motion to dismiss.

4          **2.     CLAIM PRECLUSION.**

5          A Rule 12(b)(6) motion may be premised on *res judicata* if the basis for that defense can

6   be established by public records which are properly the subject of judicial notice.  *See Day v.*

7   *Moscow*, 955 F.2d 807, 811 (2nd Cr. 1992) (*res judicata*, normally an affirmative defense, may

8   be upheld on a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own

9   records"), *cert. denied*, 506 U.S. 821 (1992).  Taking into account *Chrisanthis I*, plaintiff's

10  instant claims are not precluded.

11         *Res judicata*, or claim preclusion, provides that a prior adjudication bars a later suit

12  where there is (i) an identity of claims, (ii) a final judgment on the merits, and (iii) an identity

13  or privity between the parties.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 713

14  (9th Cir. 2001).  Plaintiff contends in his opposition that *Chrisanthis I* does not have preclusive

15  effect on his instant claims, because neither the parties nor the claims are identical and because

16  the previous decision was not on the merits.  Defendants argue in their reply that plaintiff is

17  mistaken as to each of these contentions, *except*, they concede plaintiff has correctly noted that

18  the United States was not a party to *Chrisanthis I*.  They question whether the United States is a

19  proper party to the instant action but state that dismissal is warranted, in any event, because

20  plaintiff has again failed to state a claim upon which relief can be granted.

21         **2.     FAILURE TO STATE A CLAIM.**

22         Plaintiff alleges that following his OSHA complaint defendants' made conditions so

23  unbearable that he was forced to end his active employment and take a medical discharge.

24  He states that, at the time, he was a "whistleblower" protected under CSRA section

25  2302(b)(8)(A).  He maintains defendants' conduct in retaliation which forced him to end his

26  active employment on the false promise of being rehired and which caused him emotional

27  distress both negligently and intentionally inflicted is actionable under Section 1983 and the

28  FTCA.

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

A.      Section 1983.

An essential ingredient of a Section 1983 claim is that the defendant acted under color of state law. *Flagg Bros. V. Brooks*, 436 U.S. 149, 155 (1978). Federal officers generally do not act under color of state law, and hence are beyond the reach of Section 1983. *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006). The Department of Veterans Affairs is a federal agency. Dr. Cason and Mr. Spivey were federal actors. As in *Chrisanthis I*, Section 1983 is unavailable to afford plaintiff relief.

B.      Federal Tort Claims Act.

FTCA actions are preempted by the CSRA where the alleged wrongs amount to prohibited personnel practices within the ambit of the CSRA. As explained by the Ninth Circuit earlier this year:

> By enacting the CSRA, Congress created "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." The CSRA creates a "remedial scheme through which federal employees can challenge their supervisors' "prohibited personnel practices." If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the employee's] only remedy." The CSRA's remedial scheme is both exclusive and preemptive because "permit[ting] FTCA claims to supplant the CSRA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review." Accordingly, where Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are preempted. In fact, a federal employee's personnel-related complaints are preempted "even if no remedy [is] available . . . under the CSRA."

*Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (internal citations omitted).

Personnel practices prohibited under the CSRA include retaliation against whistleblowers. Specifically, the CSRA prohibits "[a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action," from taking or failing to take, or threatening "to take or fail to take, a personnel action with respect to any employee or applicant for employment because of" "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences (i) a violation of any law, rule, or regulation, or (ii) … a substantial and specific danger to public health or safety.

6

5 U.S.C. 2302(b)(8)(A).  Personnel actions include "reinstatement," "restoration," "reemployment," "decision[s] concerning pay, benefits, or awards," and "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. 2302(a)(2)(A)(v), (vi), (vii), (ix), (xi).

The CSRA's whistleblower-protection provision, Section 2302(b)(8)(A), is precisely the authority cited by plaintiff for his proposition that he was a protected whistleblower against whom defendants therefore retaliated by taking the personnel action of making working conditions unbearable and failing to take the personnel action of reemploying him. He nonetheless argues that defendants' alleged conduct did not amount to "prohibited personnel practices" under the CSRA.  He cites several decisions for this proposition, none of which are analogous to the present case.  For example, he cites *Orsay v. United States Dept. of Justice*, 289 F.3d 1125 (9th Cir. 2002), wherein a supervisor allegedly pointed a loaded gun on several occasions at deputies of the United States Marshals Service while saying things like, "You're dead," and *Collins v. Bender*, 195 F.3d 1076 (9th Cir. 1999), wherein a Drug Enforcement Administration agent, without a warrant, searched a fellow agent's home and seized personal firearms.  Significantly, plaintiff later cites several decisions in which alleged wrongs were found subject to the CSRA, including *Richards v. Kiernan*, 461 F.3d 880 (7th Cir. 2006) and *Gergick v. Austin*, 997 F.2d 1237 (8th Cir. 1993), both of which held the CSRA provided the exclusive remedy for whistleblower retaliation claims.

Because defendants' alleged retaliatory conduct fell within the ambit of the CSRA, only administrative remedies and no private causes of action were available to plaintiff.  As stated in *Chrisanthis I*, plaintiff should have pursued the proper administrative remedies.  He should have filed a direct appeal to the Merit System Protection Board.  5 U.S.C. 1214.  He did not do so. His complaint is one upon which relief cannot be granted under the FTCA.

**United States District Court**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons, defendants' request for judicial notice is **GRANTED** and defendants' motion to dismiss is **GRANTED** without leave to amend.

**IT IS SO ORDERED.**

Dated:  November 7, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8